ROBINSON & WATSON ET AL. v. W. J. WINGATE ET AL.

Application No. 4411. Decided November 28, 1904.

**Election—Injunction Against Canvassing Returns.**

Injunction will not lie to restrain the Commissioners Court from canvassing the returns and publishing the result of a local option election as required by the statute, at suit of a licensed liquor dealer whose business would be prohibited by adoption of the law. (P. 268.)

Application for writ of error to the Court of Civil Appeals for the First District, in an appeal from Orange County.

Robinson & Watson, liquor dealers, sued Wingate, county judge, and the members of the Commissioners Court, to enjoin them from can-

vasing the votes and giving notice of the result of a local option election in Orange County. Relief was refused and they appealed, whereupon the judgment was affirmed. Appellants then applied for writ of error.

*Holland & Holland* and *Chester, Crawford & Chester,* for applicants.— While several questions are presented in this record, the right of the plaintiffs in error to the relief sought depends upon a single proposition, which may be stated as follows: The district court has jurisdiction of a suit by a retail liquor dealer to enjoin the commissioners court in a proper case from counting the votes and from publishing and declaring the result of a local option election and from entering any judgment thereon. Where the matters relied upon for injunction are cognizable in the statutory proceeding to contest a local option election, and are of a character which renders said election void, the district court has jurisdiction, and having assumed jurisdiction for this purpose, the matters cognizable in a statutory contest may be litigated and adjudicated in the injunction suit, if such thing be necessary to the ascertainment of the truth and the administration of justice in preserving the rights of the complainants. Constitution of Texas, sec. 8, art. 5; Axtell, 141; Sweeney v. Webb, 8 Texas Ct. Rep., 399; Gray v. State, 92 Texas, 399.

WILLIAMS, Associate Justice.—After a very mature and careful consideration of the application, we are of the opinion, for the reasons given in the opinion of Associate Justice Gill, that the Court of Civil Appeals reached the correct conclusion, and that an injunction does not lie to restrain the Commissioners Court from canvassing the returns and publishing the notice of the result of a local option election as required by the statute. The reasons may be summed up in the conclusion that there is in the performance of these statutory duties no invasion, in a legal sense, of the property rights of complainants as licensed liquor dealers, whether the election is open to attack in other ways or not. Those reasons are elaborated in the clear and able opinion referred to, and further discussion here would only involve the statement of additional or perhaps the same arguments in different form, tending to the same conclusion. We are satisfied, both upon principle and authority, of the correctness of the views which prevailed in the Court of Civil Appeals, and therefore refuse the application for writ of error.

*Application refused.*