SAM R. MERRILL ET AL. v. Z. Z. SAVAGE ET AL.

Decided February 22, 1908.

1.—Temporary Injunction—Appeal—Act Sustained.

The Act of the Thirtieth Legislature (General Laws, 1907, page 206), providing for appeals from interlocutory orders granting or dissolving injunctions, is not subject to the objection that it is nugatory and void because it fails to provide a procedure in such cases.

**2.—Local Option Election—Injunction—Legal Remedy.**

An injunction to restrain a County Judge and others from publishing the result of a local option election should not be granted when the grounds upon which the injunction is sought would be cognizable in a contest proceeding. The remedy by injunction should not be substituted for the remedy by contest.

**3.—Same—Local Option Election—Property Rights.**

The fact that individual property rights might be jeopardized or destroyed by the enforcement of local option is not sufficient ground for granting an injunction against declaring the result of such an election. Such consequence is incidental and too remote, and if such right exists at all it exists only when an attempt is made to enforce the law.

**4.—Same—Same—Political Question—Act Construed.**

The performance by public officers of their duties necessary to the legal adoption of a law belongs to the political domain, and the courts have no right to interfere. This rule was not changed by the Act of 1905, (General Laws, page 95).

Appeal from the District Court of Potter County. Tried below before Hon. Lewis Fisher.

*Sam R. Merrill, Madden & Trulove* and *Zimmerman & Stone,* for appellants.—Plaintiffs have an adequate remedy at law, by way of contest of said election, for all irregularities and wrongs in connection therewith, which remedy is made exclusively by law, so that the injunction prayed for and granted by Judge Fisher is unauthorized by law. Rev. Stats., art. 2989, as amended, Laws 1907, p. 206; Rev. Stats., art. 3397, as amended, Laws 1907, p. 447; Robinson & Watson v. Wingate, 80 S. W., 1067; id. 98 Texas, 267.

Such proceeding is a contest of a local option election in a way and manner not authorized by article 3397 of the Revised Statutes of Texas, as amended by the Act approved May 14, 1907, and suspends the enforcement of the local option law in Potter County pending such contest, contrary to the law as declared in said article. Rev. Stats. art. 3397, amended, Laws 1907, p. 447; Robinson & Watson v. Wingate, 80 S. W., 1071.

Declaring and publishing the result of the election is a political or legislative question, over which the courts have no power. Rogers v. Jones, 42 Texas, 340; 2 Rose's Notes, 588; Seay v. Hunt, 55 Texas, 558; Gibson v. Templeton, 62 Texas, 557; 3 Rose's Notes, 480.

*Geo. G. Clough, Reeder, Graham & Williams* and *R. G. Watt,* for appellees.—Where it is apparent from the sworn petition that a local option election was illegally conducted in such manner that the result declared must be reversed on a hearing, an injunction may be granted at the suit of a person whose property would be destroyed, or whose property rights impaired by the putting into effect of the result of the fraudulent or void election. Act, 29th Leg., p. 95; Carothers v. Harnett, 67 Texas, 127; Sweeney v. Webb, 33 Texas Civ. App., 324; Eppstein v. Webb, 75 S. W., 337; contra, Robertson v. Wingate, 80 S. W., 1067, 98 Texas, 267.

Also the following cases from other States: Boren v. Smith, 47 Ill., 482; People v. Winant, 48 Ill., 263; Shaw v. Hill, 67 Ill., 455;

Mayor, etc., v. Hughes, 36 S. E., 247 (Ga.); Murfreesboro Ry. v. Hertford Co., 12 S. E., 952 (N. C.); Cozart v. Fleming, 31 S. E., 822 (N. C.); Gile v. Stegner, 100 N. W., 101 (Minn.); Maxey v. Meek, 30 Ark., 472; State v. Cunningham, 81 Wis., 440; s. c. 15 L. R. A., 561; s. c. 17 L. R. A., 145; Cascaden v. City of Waterloo, 77 N. W., 333 (Iowa); Layton v. City of Monroe, 23 So., 99 (La.).

SPEER, ASSOCIATE JUSTICE.—Z. Z. Savage and J. N. Bozeman sought and obtained an injunction against Sam R. Merrill, as county judge of Potter County, and other defendants, as owners and publishers of a weekly newspaper, restraining them from publishing the result of a local option election held in Potter County on December 3, 1907. The writ was granted by the Honorable Lewis Fisher, judge of the Tenth Judicial District, the application therefor showing that the Honorable J. N. Browning, within whose district Potter County is situated, was disqualified. The respondents in the writ have appealed from this interlocutory order within the time prescribed by law.

At the threshold of the discussion we are confronted with the question whether or not the Act passed at the regular session of the Thirtieth Legislature (page 206), providing for appeals from interlocutory orders granting or dissolving injunctions, is nugatory and void by reason of its failure to provide proper procedure. The Act reads: "Sec. 2. Any party or parties to any civil suit, wherein a temporary injunction may be granted or dissolved under any of the provisions of this title in term time or in vacation, may appeal from the order of judgment granting or dissolving such injunction to the Court of Civil Appeals having jurisdiction of the case; provided the transcript in such case shall be filed with the clerk of the Court of Civil Appeals not later than fifteen days after the entry of record of such order or judgment granting or dissolving such injunction." "Sec. 3. It shall not be necessary to brief such case in the Court of Appeals or Supreme Court and the case may be heard in the said courts on the bill and answer and such affidavits and evidence as may have been admitted by the judge granting or dissolving such injunction; provided the appellant may file a brief in the Court of Appeals or Supreme Court upon furnishing the appellee with a copy thereof not later than two days before the case is called for submission in such court, and the appellee shall have until the day the case is called for submission to answer such brief." In support of appellee's insistence that these sections are impotent we are cited to the cases of Ward v. Ward, 37 Texas, 389, and Dial v. Collins, 40 Texas, 367, construing an Act of the Twelfth Legislature (page 17), passed November 1, 1871. That Act read as follows: "Section 1. Be it enacted by the Legislature of the State of Texas that any party to any civil suit that may now be pending or may hereafter be instituted in any of the District Courts of this State shall have the right of appeal to the Supreme Court of the State from any interlocutory judgment, order or decree that may hereafter be rendered by such District Court in such suit." "Sec. 2. That all appeals authorized by the first section of this Act

shall be regulated by the law regulating appeals from final judgment in the District Court, so far as the same may be applicable thereto." In the decisions referred to the Supreme Court held that this Act was nugatory and void for want of adequate provision in the law to carry out its execution, upon the reasoning that the law regulating appeals from final judgments in the District Court was wholly inapplicable to appeals from interlocutory orders. The state of the law with reference to appeal bonds was then adverted to and it was shown that no bond was prescribed by law which could be applicable to an appeal from an interlocutory order.

While we think the Act of 1907 under consideration should be construed in connection with general statutes regulating appeals and that such statutes should be held to regulate appeals from interlocutory orders insofar as the same may be applicable, we are nevertheless not remitted entirely to these statutes for the procedure. The time is made certain by the Act within which the transcript must be filed with the clerk of the Court of Civil Appeals, and it is reasonably certain what this transcript shall contain. The notice of appeal provided by general law is not applicable and need not be given where the order, as here, was made in vacation. The difficulty as to the character of appeal bond to be given, which formed the basis of decision in the cases above referred to because of the meagerness of the law as it then existed, vanishes in the light of our present statutes, which provide for appeals upon cost bonds. The Act further provides for the review of a decision of the judge granting or dissolving the writ on the bill and answer and such affidavits and evidence as may have been admitted by the judge, and relieves the parties from the necessity of briefing such case, thereby impliedly at least relieving the appellant from the necessity of filing assignments of error. But the complaint on such appeals is ordinarily so apparent and so nearly fundamental as that the Legislature may justly have dispensed with the necessity for specific assignments of error. However that may be, it is clear that some of the general provisions of law regulating appeals are applicable to appeals under the present statute, and that in part at least in the Act itself provision is made for the execution of the law, so that the reasoning which prompted the decision in the early cases referred to does not obtain in the present case and the statute should be permitted to stand.

Furthermore, it is not unworthy of notice that this statute is very similar to the provision in article 1383, Sayles' Texas Civil Statutes, authorizing an appeal from an interlocutory order of the District Court appointing a receiver or trustee in any cause, such appeal to be taken within twenty days from the entry of such order, The statute just referred to is at least as meager, so far as provisions for its execution are concerned, as the Act under consideration, yet the courts have often entertained such appeals without even discovering the difficulties which appellee now insists are insurmountable. Farwell v. Babcock, 65 S. W., 512; American Tribune New Colony Co. v. Schuler, 79 S. W., 371; Espuela Land & Cattle Co. v. Bindle, 5 Texas Civ. App., 18. The same may be said also

of the practical application of the Act under consideration. It has served its purpose in the following cases that we now call to mind: Buchanan v. Wilburn, 20 Texas Ct. Rep., 113; Walstein v. Nicholson, 105 S. W., 207; Caswell v. Funderberger, 105 S. W., 1017. So that we hold the Act to be sufficient to authorize appeals in accordance with the evident intention of the Legislature which passed it.

On the merits of the appeal we have no hesitancy in holding both on authority and on principle that the writ of injunction to stay the publication of the order declaring the result of the election in favor of prohibition was improperly issued. Appellees' petition evinces great diligence upon the part of their attorneys in seeking out and setting forth irregularities which would, if true, undoubtedly change the result of the election in a proper proceeding instituted for that purpose, but not one of them presents a question that is not now cognizable by the District Court in a contest proceeding proper. In truth, this proceeding is obviously but an attempt to contest the local option election in Potter County by injunction proceedings rather than in the manner pointed out by statute.

Nor do the allegations that appellees' individual property rights as saloon keepers will be jeopardized and destroyed by the enforcement of local option in the least change the character of the proceeding. That consequence is but incidental and too remote from the act sought to be enjoined to authorize the interposition of the equitable writ of injunction. It may be, though we are not called upon to decide that question, that appellees will be entitled to the writ to protect themselves against the enforcement of the law when once that is attempted, but it is time enough to decide that question when we have reached it. We feel quite clear that they are not now entitled to the writ, where the effect of granting it would be to interfere with and anticipate one of the steps necessary to the legal adoption of a law. This is a political question with which the courts have no right to interfere. This case is not to be distinguished from Robinson & Watson v. Wingate, 80 S. W., 1067, and 98 Texas, 267, in which the principles so learnedly elaborated by the Court of Civil Appeals for the First District were epitomized by Mr. Justice Williams for the Supreme Court in the following language: "The reasons may be summed up in the conclusion that there is in the performance of these statutory duties no invasion in a legal sense of the property rights of complainants as licensed liquor dealers, whether the election is open to attack in other ways or not."

Finally, it is contended that even though the decision in Robinson & Watson v. Wingate be conclusive of the question as the law then stood, yet by Act of the Twenty-Ninth Legislature, page 95, approved April 7, 1905, the rule has been changed and injunctions may now issue restraining the declaration of the result or publication of such order, as the case may be. Section 1 of the Act relied on is as follows: "No writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge, verified by his affidavit taken before some officer authorized to administer oaths, and containing a plain and intelligible statement of the grounds for such relief; nor shall any judge grant any writ of injunction

touching or in any way relating to an election held without his judicial district, declaring that the sale of intoxicating liquors in any county, justice precinct, city, town or subdivision of a county is prohibited, unless such application or petition shall state that the judge in whose county or district the suit is brought is absent from his ·county or district, or is· sick and unable to hear the same, or unless such judge shall refuse to act upon such application or petition for injunction, or unless such judge is disqualified to act upon the same, which disqualification must be fully set forth in the application or petition." It is apparent from this Act that the Legislature intended, not to enlarge the powers of the District Court to grant injunctions in local option cases, but rather to curtail them by requiring the judge in whose district the territory to be affected is situated to issue the writ, with the exceptions enumerated. It is matter of common knowledge that the practice of applying to distant district judges for writs of injunction in local option cases was once quite prevalent, and it was to remedy this evil that the Act invoked was passed.

We think Judge Fisher erred in granting the writ prayed for and therefore reverse his judgment and dissolve the writ of injunction.

*Reversed and injunction dissolved.*

Writ of error refused.