FULLER et al. v. McHANEY, County Judge, et al. (No. 1718.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 26, 1917. Rehearing Denied Feb. 8, 1917.)

EQUITY ☞30—INJUNCTION ☞80—JURISDICTION — POLITICAL QUESTION — RESTRAINING COUNTING OF BALLOTS.

Canvassing returns and declaring result of election involve a political question not cognizable by a court of equity so that freeholders can-

not enjoin counting ballots of election to determine whether stock should run at large.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 151.]

Appeal from District Court, Gregg County; W. C. Burford, Judge.

Injunction by J. J. Fuller and others against J. H. McHaney, County Judge, and others. From a judgment for defendants, complainants appeal. Affirmed.

F. J. McCord, of Longview, for appellants. F. B. Martin, of Longview, for appellees.

WILLSON, C. J. On the petition, filed in July, 1915, of one Hudson and 60 others, freeholders in a subdivision of Gregg county described therein by metes and bounds, including the incorporated city of Longview, which by its charter had the right to regulate the running at large of live stock within its limits, the commissioners' court of that county at its December term, 1915, ordered an election to be held in said subdivision to determine whether horses, mules, jacks, jennets, and cattle should be permitted to run at large therein or not. This suit was by appellants against the county judge and county attorney of said county to enjoin them from counting the votes (a majority of which, appellants concede, were against permitting such animals to run at large) and proclaiming the result of such election as provided by the statute. Article 7248, Vernon's Statutes. The appeal is from a judgment: (1) Dissolving a temporary injunction theretofore granted as prayed for by appellants; (2) determining that appellants were not entitled to any relief, and that the election was "valid in all things, except as including the city of Longview, to that extent is taken from the description, and not to be included in the description of such subdivision"; and (3) ordering the county judge to proceed to declare the result of the election as provided by law.

The contention on the part of appellants was and is that the commissioners' court was without power to order the election at any other than its first regular term after the filing of the petition therefor, and that neither that court nor the district court had power to change the boundaries as set out in the petition for the election so as to exclude the incorporated city of Longview, and therefore that the action of the commissioner's court in ordering the election at its December term, and the action of the district court in changing, as they construe its judgment, the boundaries of the subdivision, were void.

As the parties view it, the disposition made of the appeal should be made to turn on the answers to questions covering the contentions just stated, as is shown by an agreement forming a part of the record by which they submit only such questions for determination. But we are of opinion that those questions need not be and should not be determined, because without reference to the answer which should be made to them appellants were not entitled to and the trial court was without power to grant appellants the relief they sought. It is settled law in this state that canvassing the returns and declaring the result of an election "involve a political question not cognizable by a court of equity." City of Dallas v. Railway Co., 105 Tex. 337, 148 S. W. 292; Robinson v. Wingate, 36 Tex. Civ. App. 65, 80 S. W. 1067; Robinson v. Wingate, 98 Tex. 267, 83 S. W. 182; League v. Brazoria Co., 187 S. W. 1012; Merrill v. Savage, 49 Tex. Civ. App. 292, 109 S. W. 408; Townsen v. Mersfelder, 49 Tex. Civ. App. 289, 109 S. W. 420.

In the case first cited Chief Justice Phillips in an able and convincing opinion, said:

"As elections are essentially the exercise of political power, it cannot be doubted that all action properly related thereto and necessary to their completion is from the same source, and is but the expression of the same power. The canvassing the returns of an election is necessary to the determination of the result. It is an integral part of the election itself, without which the election is a vain proceeding; and as such inheres as a right sanctioned by the political power, as absolute as the right of the electorate to vote or for the election to be held. When it is declared that, because of their relation to the political power of the government, elections are beyond the control of the judicial power, it is meant that the whole election, including every step and proceeding necessary to its completion, is exempt from judicial interference, and the canvassing of the returns of an election must therefore be held as within the rule and justly entitled to its protection. * * * The law does not assume that sworn officials will attempt the enforcement of an invalid law. Its presumption is to the contrary, and it therefore awaits such attempted or threatened enforcement before it moves at the instance of parties in interest. If this ordinance is a nullity, as is here contended by the defendant in error, the canvassing of the returns of this election will not quicken it with life and virtue. At all events it is not a binding enactment until its enactment is completed, and until it is a binding enactment it retains its relationship to the political power, and is immune from the process of judicial authority."

The judgment of the court below will be so modified as to eliminate therefrom the part thereof adjudging the election in question to be valid and ordering the county judge to proceed to declare the result thereof, and as so modified will be affirmed.