JACKSON v. HOUSER. (No. 1484.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 20, 1918. Rehearing Denied Jan. 15, 1919.)

1. ELECTIONS ⊜≫259—CANVASS—RESULTS—PROVINCE OF COMMISSIONERS' COURT.

Under Rev. St. 1911, arts. 3030–3032, and Vernon's Ann. Civ. St. Supp. 1918, art. 3044a, commissioners' court was acting within province of its lawful duties in determining whether particular returns should be estimated in the canvass, though such action in rejecting particular returns may have been wrongful.

2. ELECTIONS ⊜≫267—RIGHT TO OFFICE—CERTIFICATE OF ELECTION—ESTIMATE OF CANVASSING BOARD.

The estimate of the commissioners' court as to result of election under Rev. St. 1911, art. 3030, followed by the issuance of certificate of election by county judge under article 3032, is prima facie evidence of right of office, and is conclusive evidence of such right until it shall have been otherwise determined in some appropriate proceeding of some tribunal having authority in such matters.

3. OFFICERS ⊜≫80—HOLDING OVER—INQUIRY AS TO SUCCESSOR'S RIGHT.

The holdover whose term of office has expired has no right to or interest in the office itself, his only right and duty being to protect its possession against an intruder until the qualification of his successor.

4. OFFICERS ⊜≫80—HOLDOVER OFFICER—RESULTS OF ELECTION.

It is no part of the duty of an officer to ascertain the result of the election held to elect his successor, if the result has been declared by officials authorized by Rev. St. 1911, arts. 3030, 3032, to ascertain result.

5. OFFICERS ⊜≫111—LIABILITY—CARE OF OFFICE RECORDS—DELIVERY TO SUCCESSOR.

Holdover officer is fully absolved from further liability as to the preservation of records and the further discharge of the duties of his office when he shall have delivered them to the holder of the certificate of election from properly constituted authorities after having duly qualified according to law.

6. OFFICERS ⊜≫82—INJUNCTION—OCCUPANCY OF OFFICE—EQUITY.

In view of Rev. St. 1911, arts. 3057–3061, 3068, providing method of contesting results of election and providing for bond to protect contestant, equity will not intervene on behalf of contestant by enjoining contestee from taking office pending result of contest.

7. INJUNCTION ⊜≫74—ACTS OF OFFICERS.

Courts are cautious of interfering with action in the political departments of the government.

Appeal from District Court, Sherman County; Reese Tatum, Judge.

Action by John Houser against Sallie Jackson. From an interlocutory order granting temporary injunction, defendant appeals. Temporary injunction dissolved, and cause reversed and remanded.

Kimbrough, Underwood & Jackson, of Amarillo, for appellant.

W. I. Gamewell, of Stratford, Tatum & Strong, of Dalhart, and Madden, Trulove, Ryburn & Pipkin, of Amarillo, for appellee.

BOYCE, J. This is an appeal from an interlocutory order, granting a temporary

---

injunction, restraining the appellant from qualifying and assuming the duties of the office of county and district clerk of Sherman county. The injunction was granted upon allegations made in a petition filed by appellee to the following effect: That appellant and appellee were rival candidates for the office of county and district clerk of Sherman county, at the regular election held in said county on November 5, 1918. That at said election, in fact and as appears from the face of the returns of the various election precincts, appellee received a majority of the votes cast. That the commissioners' court fraudulently and illegally rejected and threw out the election returns from election precinct No. 3, though the same had been made in accordance with law, and after canvassing the returns from the other precincts, in which appellant had received a majority of the votes cast for said office, illegally declared appellant to be elected to said office. That thereafter the county judge of said county, who had knowingly and illegally participated in said unlawful proceedings, issued to the appellant a certificate of election, that unless restrained from so doing appellant would make bond as such officer and take possession of the records and instruments belonging to the custody of such officer. That appellee is the duly qualified, elected, and commissioned and acting clerk of said court and has been the county and district clerk for the past four years and was so elected to said office for the ensuing two years at the election held on November 5, 1918. That appellee has filed in the district court of said Sherman county a contest of said election, but that the same cannot be tried before the January, 1919, term of said court. That appellee is charged by law and by the obligation of his bond with the preservation and protection of the records of said office and that appellant, unless restrained, will qualify as such officer and take possession of such records and receive and collect the fees and emoluments of the office "to the prejudice and irreparable injury of the plaintiff and the injury of the public and property owners and taxpayers in Sherman county." We do not understand that appellee claims that he has actually qualified and assumed the duties of the office of district and county clerk under the election of 1918. Evidently under his allegations his holding possession of the office is by virtue of his qualification under the election of 1916, awaiting the qualification of his successor, elected at the 1918 election. The injunction prayed for and granted restrained appellant:

"From presenting her official bond to the commissioners' court of Sherman county for its approval and from taking the oath of office as such county and district clerk, and from entering into such office and taking possession thereof, and of the books, papers, records, and property pertaining thereto, and from discharging any of the duties pertaining to the office of county and district clerk of Sherman county, Tex., until said contest above referred to has been officially determined and defendant has been legally adjudged entitled to said office."

[1, 2] It was the duty of the commissioners' court to canvass the returns and estimate the result of such election. R. S. art. 3030. Article 3031 provides that—

"No election returns shall be opened or estimated, unless the same have been returned in accordance with the provisions of this title."

Article 3032 provides that after such estimate the county judge shall issue and deliver, to the candidates thus appearing to have received the greatest number of votes for a particular office, certificates of election to said office. Article 3044a Vernon's Ann. Civ. St. Supp. 1918 (Act March 30, 1917, c. 143, § 1), provides that the officers elected at a general election shall qualify and assume the duties of their respective offices on the first day of December following the election, or as soon thereafter as possible. From the foregoing it will be seen that the commissioners' court was acting within the province of its lawful duties in determining whether particular returns should be estimated in the canvass—though such action in rejecting particular returns may have been wrongful. It seems clear that the estimate of the canvassing board, under these circumstances, followed by the issuance of the certificate of election, is prima facie evidence of right to the office. A proper regard for the orderly administration of government and the acts of its constituted authorities would require that this evidence of right should be conclusive until it should have been otherwise determined in some appropriate proceeding by some tribunal having authority in such matter. As against this right of appellant, appellee asserts the right of a holdover in possession of the office and a contestant in a statutory contest proceeding, and we will proceed to consider whether a court of equity ought, on the basis of either right, to maintain him in possession of the office pending the decision of such contest.

[3-5] The holdover whose term of office has expired has no right to or interest in the office itself. His only right and duty would be to protect its possession against an intruder until the qualification of his successor. Tom v. Klepper, 172 S. W. 721. It is no part of his duty to ascertain the result of the election held to ascertain who his successor might be. The law has clothed other officials with such duty, and it would seem that the holdover has no such right or interest as would authorize him to contest the result as declared by such officials. It would be a menace to good government to permit the holdover to deny possession of the office to one declared by such authorities to have been duly elected. The appellee, we think, will be

fully absolved from further liability as to the preservation of the records, and further discharge of the duties of his office, when he shall have delivered them to the holder of the certificate of election from the properly constituted authorities, after having duly qualified according to law. We then proceed to consider appellee's right as a contestant under the election of 1918.

[6, 7] The statutes have provided a method of contesting the result of the election as declared by the commissioners' court, and appellee, by his contest proceeding referred to in his petition, is pursuing the method thus prescribed for determining the right to the office. It does not appear to us that the statutes have left the courts free to determine which of the claimants shall be entitled to hold the office pending the decision of the contest. R. S. arts. 3057 to 3061, 3068. It is there provided that, after notice of the filing of the contest, the contestee shall, within a prescribed time, execute bond payable to the contestant for his protection in the event the decision shall be in the contestant's favor; that, in the event the contestee fails to file such bond, the contestant may himself give bond payable to the contestee, and in such event shall be entitled to be commissioned to perform the duties of the contested office. If the contestee gives the bond, or if both contestant and contestee fail to give such bond, then the commission shall be issued to the contestee. Article 3068 provides for the measure of recovery on such bond. It thus appears that there is no necessity for the intervention of a court of equity to protect the rights of appellee in the position in which he is placed, and that the injunction granted actually prevents the operation and application to the facts of the case of specific articles of the statute intended to control such situation. The courts are cautious of interfering with action in the political departments of the government. City of Dallas v. Elec. Ry., 105 Tex. 337, 148 S. W. 292, and authorities there cited; Gilmore v. Waples, 108 Tex. 167, 188 S. W. 1043; Fuller v. McHaney, 192 S. W. 1159. We are convinced that no good ground for such intervention appears in this case.

The cases of Callaghan v. Tobin, 40 Tex. Civ. App. 441, 90 S. W. 328, and Ware v. Welch, 149 S. W. 263, do not appear to us to support the right of the court to issue an injunction in this case. Without detailing the nature of those cases, it is sufficient to show the distinction between them and the case we are considering to call attention to the following statement made by the court in the case of Callaghan v. Tobin:

"The suit does not purport to be one between claimants for the office, each claiming to have the legal title thereto, but is a proceeding to enjoin persons making no claim to the office, but who are contemplating and intending to dis-possess the party seeking the injunction. This distinction must be kept in view in the consideration of the questions submitted. The title to an office cannot be tried through the medium of an injunction, but the remedy by an injunction can be invoked to protect the possession even of officers de facto against the acts of intruders on such possession."

The case of Ware v. Welch quotes almost in toto the opinion in the case of Callaghan v. Tobin, and plainly holds that, had it appeared from the petition in such case that the true question involved was the title to the office in question, the injunction would not have been proper.

The temporary injunction will be dissolved, and the cause reversed and remanded.