**RICHARDSON et al. v. MAYES, County Judge, et al. (No. 7918.)**

(Court of Civil Appeals of Texas. Galveston. March 11, 1920. On Motion for Rehearing, April 29, 1920.)

1. **Action** ⬤=6—Petition must show injury to plaintiff, and not present mere moot question.

The facts alleged in the petition must not only show some wrong or dereliction by defendant, but also some consequent injury to the personal or property rights of plaintiff; otherwise courts would be continually called upon to decide moot questions.

2. **Injunction** ⬤=11—Petition to enjoin election to change school district boundaries held not to show injury.

A petition to restrain the holding of an election to determine whether the boundaries of school district should be changed, which alleged injuries to plaintiffs if the boundaries were changed, does not show an injury entitling plaintiffs to the injunction, since the injury would result, not from holding the election, but from the change in boundaries, and if the election were void it could not result in a change of boundaries.

3. **Constitutional law** ⬤=68—Courts may not interfere with elections save to protect property rights.

Ordering and holding elections and declaring their result is the exercise of political power, with which the courts can interfere only for the protection of the personal and property rights of the citizens.

4. **Injunction** ⬤=11—Until change of school district boundaries under void election is attempted, court will not interfere.

If a change of boundaries of school district by vote of the electors is not authorized by law, an attempt to change the boundaries under a void election can be enjoined, until which time the court will not interfere.

5. **Injunction** ⬤=170—Ambiguity in precept for hearing to dissolve temporary injunction sufficient, where plaintiff appeared.

It was not error to refuse to quash the service of a motion to dissolve a temporary injunction, though the precept was ambiguous in stating the place to which the motion would be heard, where the plaintiffs appeared at the time and place intended, and were therefore not mislead by the ambiguity.

6. **Appeal and error** ⬤=742(1) — Contention not germane to assignment not considered.

A contention not germane to the assignment under which it is presented, and not raised by any assignment presented in the brief, will not be considered.

, On Motion for Rehearing.

7. **Appeal and error** ⬤=1138—Dissolving temporary injunction not reversed after election is held.

An order dissolving an injunction restraining the holding of a school district election,

---

which contained no provision continuing it in force pending appeal, so that the election has presumably already been held, will not be reversed because the petition for injunction showed injury to the plaintiffs because of the expense which they would be called upon as taxpayers to pay.

Appeal from District Court, Colorado County; M. Kennon, Judge.

Suit by L. T. Richardson and others against E. B. Mayes, county judge, and others. From an order dissolving a temporary injunction restraining defendants from holding an election to determine whether the boundaries of the school district should be changed, plaintiffs appeal. Affirmed.

Townsend & Quin, of Columbus, for appellants.

A. A. Gregory, Co. Atty., and W. L. Adkins, both of Columbus, for appellees.

PLEASANTS, C. J. This appeal is from an order of the judge of the district court of the Twenty-Fifth judicial district, dissolving a temporary injunction theretofore granted by the judge in chambers, restraining the appellees from holding an election, which had been ordered by the county judge of Colorado county to determine whether the boundaries of the Garwood independent school district of Colorado county as fixed by an act of the Thirty-Sixth Legislature (Loc. & Sp. Laws 1919, c. 19) creating said district, should be changed.

The suit for injunction was brought by appellants, who are the school trustees and resident taxpayers of the school district, and six other taxpayers of the district, against the county judge and the presiding officer appointed by said judge to hold the election, which was ordered to be held on November 25, 1919.

The grounds upon which the injunction are asked are thus set out in the petition:

"(3) Plaintiffs further allege that said special act creating said Garwood independent school district does not provide that the same may be decreased in size and area, as is attempted to be done by the ordering of said election by a vote of the people of said district at the polls, but said act definitely and permanently fixes the size and area of said district, which cannot be changed by a vote of the people, but which can only be changed by an act of the Legislature itself; that the provisions of the general laws of Texas prescribing the method of creating and abolishing independent school districts in this state by a vote of the people at an election to be ordered for said purpose up-'on petition, by the county judge in which said district or proposed district is located or to be located, does not apply; that chapter 16, articles 2850, 2851, Vernon's Sayles' Texas Civil Statutes 1914, provides how independent school districts may be organized, and how they may be abolished by election as aforesaid; that this is the general law of the state of Texas on said subject; that the special act

creating the Garwood independent school district, a copy of which act it hereto attached, marked 'Exhibit B,' and made a part hereof, was passed by the Legislature in February, 1919, approved the 25th day of February, 1919, and became effective on the same date; that this was long subsequent to the passage of the general law on said subject, which is supplanted by said special act, and the provision of the special act will prevail against the general law, where there is a conflict in their provisions; that said general laws, providing for the creation of independent school districts, provides that they may be created as aforesaid, but provides that no district so created shall contain more than 25 square miles; that the Garwood independent school district created by said special act contains approximately 40 square miles of territory; and that in so far as said Garwood independent school district is concerned said special act repeals the general laws applicable to independent school districts as to size, area, and boundaries, and make a special exception in the case of said district as to size, area, and boundaries, and that the general law providing for the abolishment of independent school districts is repealed in so far as said district is concerned, and cannot apply; and that the order calling said election is illegal and without authority of law; and that said election, if held, would be void; that said act of said county judge in calling said election, and the vote of the people in said district at said election, if permitted, would be in violation of article 1, § 28, of the Constitution of the state of Texas, which provides that no power of suspending laws in this state shall be exercised except by the Legislature, and the ordering of said election was procured by certain parties in said district with the purpose of changing the size and boundaries of said district at said election by a vote of the qualified voters of said district, which, if permitted, would have the effect of suspending said special act creating said district, in so far as the size thereof is concerned, which can only be done by the Legislature itself.

"(4) Plaintiffs further allege that in the passage of said special act creating the Garwood independent school district the Legislature did not authorize the voters in said district to decrease the size of said district or change the boundaries thereof by a vote of the qualified voters of said district, or in any other manner, and thereby reserved to itself the right to suspend or repeal said law in regard thereto, and that said election would be in violation of article 1, § 28, as aforesaid.

"(5) Plaintiffs further show the court that if said election should be held as ordered, and should result in favor of the proposition voted upon, that is, cutting off and detaching from said district all territory on the east side of the Colorado river, and leaving only that territory lying on the west side of the Colorado river, such action by the voters would be, in effect, repealing the special act of the Legislature creating the said Garwood independent school district, in so far as the size of said district is concerned, and would reduce it to the same size and area that it contained before the passage of said special act, thereby repealing said special act in so far as the territory on the east side of the Colorado river is con-

cerned, and amending said special act by a vote of the people of said district, all of which is contrary to and repugnant to the Constitution of this state, and is an attempt on the part of the voters, of said Garwood independent school district, or some of them, to usurp the legislative powers of this state, and is in violation of article 3, § 1, of the Constitution of the state of Texas, and the following sections of said article designating the manner in which laws shall be originated and passed in this state.

"(6) Plaintiffs further allege that they are each and all residents of and qualified voters and taxpayers in said Garwood independent school district in Colorado county, Tex., and own taxable property situated in said district, in Colorado county, Tex.; that should an election be held under said void and illegal order of said county judge, and be declared to be in favor of reducing the size of said school district, as set out in said order, such uncertainty and confusion would follow as to retard and destroy the efficiency and progress of the public free schools located in said district, and greatly interfere with and retard the educational advantages and the schooling of the school children residing in said district, and practically destroy the usefulness of said schools during the remainder of the present school term; that by reducing the area of said school district by more than three-fourths of its present size, which would be the direct result of said election should same carry and become effective, the revenues of said district to be derived by local taxation would be proportionately reduced, curtailing the efficiency of said schools, to the great detriment and injury of the scholastics residing in said district. That said district is now maintaining public free schools therein, in addition to a first-class high school in the town of Garwood, and that all of said schools are now open and running and conducting successful school terms, under contracts which the board of school trustees now have with the various teachers of said schools, which contracts will be interfered with and violated and breached if said election is permitted to be held, and should same carry in favor of reducing the area of said district as provided for in said election order, and would cut off from said district 6 schools, and leave that portion of said district so cut off unorganized and attached to no school district, and without trustees to manage and control said schools and contract with said teachers and complete the present school term, leaving school matters in said district in such a chaotic condition as to do irreparable injury to said schools and said scholastics and to these plaintiffs; that the holding of said election would result in irreparable injury and loss to these plaintiffs and to said school children, and will cause an illegal and unnecessary expenditure of the public funds of said district and county to the amount of approximately fifty dollars; that plaintiffs have no adequate remedy at law."

The petition was presented to the district judge in chambers on November 6, 1919, and after consideration thereof he ordered the issuance of an injunction as prayed for, restraining the defendants from holding the election, and from making any returns thereof, and further restraining the county judge from receiving the returns and declaring the result of the election, and from ordering any other election to be held in said district for the purpose of determining whether the boundaries thereof should be changed.

Thereafter, on November 14, 1919, appellees filed in the district court of Colorado county their motion to dissolve said injunction, which, omitting the formal parts, is as follows:

"Now come the defendants and file this, their answer and motion to dissolve the injunction granted herein on November 6, 1919, and filed herein on November 12, 1919, and in reply to plaintiffs' petition respectfully represent: First. That the allegations thereof are insufficient in law, and show no cause or grounds under the law for the granting of said injunction, and of this the judgment of the court is prayed. Defendants specially except to the allegations of said pleading because no facts are alleged showing irreparable injury as to plaintiffs, or either of them, and of this the judgment of the court is prayed. Third. Defendants deny all and singular the allegations of said petition, and of this put themselves upon the country and pray judgment of the court. Wherefore defendants pray the court that said injunction be dissolved, and for costs and general and special relief at law and in equity."

On hearing of this motion on November 24, 1919, in chambers, the judge, after overruling a motion of plaintiffs to quash the service on the motion to dissolve, sustained defendants' exceptions to plaintiffs' petition, and granted the motion to dissolve, but the order dissolving the injunction recited that nothing therein should "prejudice the rights of plaintiffs, if any they have, to hereafter urge an injunction restraining the county judge from entering his order changing said district."

On November 26th, on motion of plaintiffs, the order dissolving the temporary injunction, in so far as it relates to the receiving of the returns and declaring the result of the election, was suspended pending this appeal.

The election was held on November 25, 1919, but its result cannot be declared if the facts alleged in appellants' petition entitled them to the injunction.

The question of whether the boundaries of an independent school district created by special act of the Legislature can be changed by the voters of the district at an election held under the general law (2856b, Vernon's Sayles' Civil Statutes), authorizing the abolishment or change in the boundaries of independent school districts by an election as provided for the abolishment of towns or villages in title 18 of the Revised Statutes of 1895, is by no means free from doubt. The writer is much impressed with the force of appellants' argument, and is inclined to the opinion that the election was unauthorized. We are, however, not called upon to

decide the question upon this appeal, because, without regard to this question, we agree with the learned trial judge that plaintiffs' petition fails to show a cause of action cognizable by the court, and therefore the general demurrer was properly sustained.

[1] To constitute a cause of action, the facts alleged in the petition must not only show some wrong or dereliction on the part of the defendant, but also some consequent injury to the plaintiff in his personal or property rights. In other words, the plaintiff must have some personal or property right in the subject-matter of the controversy to entitle him to maintain his suit, or to invoke the jurisdiction of a court of equity. If the rule was otherwise, courts would be continually called upon to decide moot questions.

[2] Tested by this rule, plaintiffs' petition must be held insufficient to entitle them to an injunction preventing the holding of the election and declaring its result. Holding an election in the school district to determine whether or not the boundaries of the district should be changed could not possibly injure plaintiffs, and the injury claimed in the petition depends wholly upon the result of the election, which could not be known in advance.

[3] But if the election was held and resulted in changing the boundaries and the result be so declared, if the law does not authorize such an election, the boundaries of the district would remain the same notwithstanding the election, and no personal or property right of plaintiffs would be invaded or endangered thereby. Ordering and holding elections and declaring their result is the exercise of the political power of the government with which the courts are only authorized to interfere for the protection of the personal or property rights of the citizens.

[4] If the law does not authorize the changing of the boundaries of the district by a vote of the resident voters in the district, the election would be void, and if as a result or under authority of such election any impairment or invasion of plaintiffs' rights as trustees or taxpayers of the district is attempted or threatened the powers of a court of equity to protect such rights may be invoked or exercised, but until such time these powers, in the language of Justice Phillips in the case of City of Dallas v. Street Ry. Co., 105 Tex. 343, 148 S. W. 295, must "lie at rest."

We think the case last cited, and also the cases of Robinson & Watson et al. v. Wingate, 36 Tex. Civ. App. 65, 80 S. W. 1067, Townsen v. Mersfelder, 49 Tex. Civ. App. 289, 109 S. W. 420, Fuller et al. v. McHaney, 192 S. W. 1159, League v. Brazoria County, 187 S. W. 1012, and Merrill et al. v. Savage, 49 Tex. Civ. App. 292, 109 S. W. 408, sustain the conclusions above expressed.

[5] We do not think the trial judge erred in refusing to sustain plaintiffs' motion to quash the service on the motion to dissolve the temporary injunction. The precept is ambiguous in stating the place at which the motion to dissolve would be heard, but appellants appeared at the time and place intended, and were evidently not misled by the ambiguity in the precept.

[6] The contention that the service should have been quashed because appellants were not given 10 days' notice of hearing on the motion to dissolve will not be considered, because it is not germane to the assignment under which it is presented, and the question is not raised by any assignment presented in appellants' brief.

The general demurrer to the petition having been correctly sustained, the error of the court in overruling plaintiffs' exceptions to defendants' answer on the ground that it was not sworn to becomes immaterial.

We are of opinion that the judgment should be affirmed; and it has been so ordered.

Affirmed.

### On Motion for Rehearing.

[7] In a motion for rehearing filed by appellants it is urged that the allegations in the petition that the holding of the election would "cause an illegal and unnecessary expenditure of the public funds of said district and county to the amount of approximately $50" was a sufficient allegation of injury to plaintiffs as taxpayers of the district to entitle them to maintain this suit to enjoin the holding of the election.

We think a sufficient answer to this contention is that the order dissolving the injunction theretofore issued against holding the election, from which this appeal is taken, was made on the day before said election was called to be held; and, as there was no provision in the order continuing in force the injunction against holding the election pending this appeal, the election presumably has long since been held, and it would be impossible for this court to now enjoin the holding of said election.

In so far as this appeal relates to the right of appellants to enjoin the holding of the election, it is manifest that no relief can now be granted them. The election having been held, if, as contended by appellants, there was no authority in the law for holding such election, its result could not injure appellants, and therefore they are not entitled to enjoin the county judge from declaring such result.

The questions presented by the appeal are not free from doubt, but after mature consideration we feel constrained to adhere to the conclusions expressed in our main opinion, and the motion for rehearing is overruled.

Overruled.