STATE OF TEXAS EX REL. S. A. McCALL v. J. L. MANRY ET AL.

No. 5367. Decided May 1, 1929.
(16 S. W., 2d Series, 809.)

450

*Claude Pollard,* Attorney-General, *H. Grady Chandler* and *Rice M. Tilley,* Assistants, for relator.

The Supreme Court has jurisdiction. Rev. Stats., art. 1733; 22 R. C. L., 656; People v. Wolcot, 311 Ill., 233; 2 Spelling on Extraordinary Remedies, 1777.

In a plea of pendency of another action in a tribunal having concurrent jurisdiction, the answer must distinctly show that the same parties and the same subject matter are before it. State v. Buckland, 23 Kans., 259; Snow v. Hudson (Kans.) 43 Pac., 260.

Quo warranto is a civil remedy in which the State is a necessary party. The injunction suit pending in the District Court of Montgomery County, Ninth Judicial District, is not a suit to try title to the office, and since the question of title cannot be adjudicated in that proceeding and has not even been raised, the jurisdiction of the Supreme Court now invoked should not be withheld. Castleman v. Williams, 112 Texas, 193; Jackson v. Howser, 208 S. W., 186; Walton v. House of Representatives, 265 U. S., 487.

It is well settled that the title to property cannot be adjudicated in an equitable proceeding. Many times have the courts of Texas held that where a suit is brought by a person in possession of land

for an injunction to restrain another person from coming on the land, or to abate a nuisance on the land, the court cannot try the title in such an equitable proceeding, and that another suit in the same or another county may be maintained at the same time to try title to such property. Mendelsohn v. Gordon, 156 S. W., 1149; Hodges v. Christmas, 212 S. W., 825; Vogelsang v. Gray, 224 S. W., 535.

Therefore, since the right to an office is property, the title to the same cannot be adjudicated in a proceeding the sole purpose of which is to obtain an injunction to enjoin the acceptance of a certificate of election and the other things sought to be enjoined in the petition filed in the district court.

*E. B. Pickett, Q. S. Parker,* and *S. H. German,* for respondents.

The Act of 1925 created a new judicial district, and it cannot be disputed that when a new district is created the Legislature has power to shorten the term of office of the District Judge.

In any event, it is apparent that the Legislature regarded the Ninth District as constituted by the Act as a new district, and the contemporaneous construction put upon it by the Attorney General, by the respondent, and by the people of the district was to this effect. It is obvious that no injury has resulted or can result to anyone by such construction, and such contemporaneous construction is sufficient to justify a like one by the court at this time; and as this construction will sustain the Act, and not destroy or impair it, the court should so construe it.

The Act of 1925 was in no sense a direct or purposeful attempt to legislate alone upon the question of the tenure of office of the District Judge, but was manifestly legislation in behalf of the public welfare, having for its primary purpose the changing and reorganizing of judicial districts for the convenience of the people, and the provision with reference to tenure of office of the judge was merely incidental to the main purpose of the Act.

It is evident that the rights of no one other than respondent were adversely or injuriously affected by the provisions of the Act of 1925 in question and respondent admittedly waived the right to raise the question of the unconstitutionality of said provisions. Having done so, and the law having been allowed to accomplish its purpose without opposition or protest from relator or anyone else, the question of its validity became conclusively settled by the election of 1926.

Relator, having waited until all those affected by the provisions of the Act of 1925 had accepted its requirements, and until respondent had surrendered his prior term of office and obtained the benefits of an election under said Act in reliance thereon, relator could not thereafter acquire any right to raise the constitutionality of said Act, and is estopped to urge such contention.

Relator cannot assert rights under the Act of 1925 and at the same time contend that certain provisions thereof are unconstitutional and void.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

The State of Texas acting herein by the Hon. Claude Pollard, its Attorney General, at the relation of Hon. S. A. McCall, complaining of Hon. J. L. Manry, who is now acting as District Judge of the Ninth Judicial District of this State, and of T. B. Coe, District Judge of the Seventy-fifth Judicial District of Texas, Respondents, presents to this court in the nature of a quo warranto proceeding the following information.

In 1924, respondent 'Judge Manry was elected to the office of Judge of the Ninth Judicial District of Texas for a term of four years, that being the term fixed by the Constitution; that when Judge Manry was elected in 1924, the said Ninth Judicial District was composed of the counties of Hardin, Liberty, Montgomery, San Jacinto and Polk, and the Seventy-fifth Judicial District was then composed of the counties of Hardin, Chambers, Montgomery, Liberty and Tyler. The Legislature of Texas, in 1925, enacted a statute reorganizing the Seventy-fifth, Ninth and Eightieth Judicial Districts. Said act is alleged to be Chapter 34 of the General Laws of the 39th Legislature, regular session, page 157. In fact, it appears that Chapter 34, supra, was repealed and superseded by Chapter 166, page 378 of the Acts of the Regular Session 39th Legislature. However, said acts are alike as to the territory included in the above three districts, and are also alike in all other respects pertinent to the issues involved herein. We therefore address ourselves to the latter act in discussing the issues herein.

By section 1 of said act it is shown that the ninth District was re-organized so as to be composed of the counties of Polk, San Jacinto, Montgomery, and Waller. By section 2 of said Act the Seventy-fifth District is re-organized so as to be composed of the

counties of Hardin, Liberty, Tyler, and Chambers. By section 3 of the Act the 80th District is left as it already was except that Waller County was removed from the 80th District. It by section 1 was placed in the Ninth District.

Thus it will be seen that by the terms of the new act the territory of the Ninth District was changed by taking two counties, Hardin and Liberty, out of it, and by adding one county thereto, Waller. The territory of the Seventy-fifth District was changed by taking one county, Montgomery, out of it, and no counties were added. The only change made in the territory of the Eightieth District was that Waller County was removed therefrom.

Section 5 of said Act reads as follows:

"The present judges of the Ninth and Seventy-fifth Judicial Districts as the same now exists, shall remain the district judges of their respective districts as reorganized under the provisions of this Act, and shall hold their offices until the next general election and until their successors are appointed or elected and duly qualified, and they shall receive the same compensation as is now, or may hereafter be provided by law for district judges, and a vacancy in either of said offices shall be filled as is now, or may thereafter be provided by law, and the present judge of the district court of the Eightieth Judicial District shall hold his office until his term expires and until his successor is elected and qualified, and a judge of said court shall hereafter be elected at the time and in the manner provided by law by the qualified voters of Harris County."

It is also shown that notwithstanding Judge Manry had been elected in 1924 for a full four year term as judge of the 9th Judicial District, he again announced himself a candidate for said office in 1926, on account of the provision of section 5, supra, which provides that the judge of the 9th District shall hold his office until the next general election, etc., and caused his name to be placed on the official ballot, and received the highest number of votes at the 1926 general election for said office.

It is also shown that in 1928, Judge Manry, and Judge McCall were both candidates for the Democratic nomination for said office at the general primary election of the Democratic party in 1928, and Judge McCall received the highest number of votes and was declared the Democratic nominee. No contest of this election was had, and Judge McCall's name was printed on the official ballot of the November, 1928, general election as the Democratic candidate, and

he received the highest number of votes cast at said general election for said office. It is further shown that the results of said 1928 general election have been declared as required by law.

It is further shown that on November 6, 1928, Judge Manry filed a suit in the District Court of Montgomery County, Texas, against Judge McCall in which it is in substance alleged:

That plaintiff, Judge Manry, is the duly elected, qualified and acting Judge of the 9th Judicial District; that he was elected to said office at the November, 1926, general election for a full four year term, and had received his commission and taken the oath of office as such officer, as required by law; that S. A. McCall, is actively engaged in an attempt to usurp and take from plaintiff said office, and the rights, privileges and emoluments thereof, as well as the exercise of its powers and privileges; that in pursuance of said attempt said McCall had done the things with reference to becoming a candidate at the 1928 primary and general elections hereinbefore set out, etc.; that said McCall is now claiming to have received the highest number of votes at said 1928 general election for said office; that said McCall is now claiming to be the duly elected judge of said 9th Judicial District, and is claiming that he is entitled to qualify and accept a commission therefor, and to take over and assume the duties and powers thereof; that if said McCall is not restrained he will at once attempt to obtain a certificate of election; that he will take the oath of office and will attempt to obtain from the Governor of Texas a commission authorizing him to take over and hold said office; that he will thereupon assume or attempt to assume the duties and powers of said office, and will thereby materially and seriously interfere with the plaintiff's enjoyment thereof, and the exercise of the rights, privileges, and powers incident thereto, and will greatly embarrass plaintiff in the discharge of his official duties, and the administration of justice, and the conduct of the business of said court.

It is also alleged in the petition in said case filed in the District Court of Montgomery County that said Manry was duly and constitutionally elected for a full four year term to said office at the November, 1926, election, and that he had duly and seasonably qualified as such and had received his commission from the governor. It is further alleged in said petition that the purported election in 1928 is wholly null and void and of no force or effect, and that because of said facts the defendant is not entitled to ask for or

receive a commission to said office. Plaintiff further says that if said McCall is permitted to ask for and receive said commission it will greatly embarrass plaintiff, and cause confusion in the affairs of said court, etc.

The prayer for relief as contained in said petition filed in the District Court of Montgomery County is as follows:

"Plaintiff therefore prays that Your Honor will issue a temporary injunction directed to defendant, enjoining and restraining him from hereafter in any manner asking for or accepting any certificate of election to the office of Judge of the District Court of the 9th Judicial District by reason of said election of the 6th day of November, 1928, and from in any manner attempting to qualify as Judge of said Court by taking the oath of office or otherwise, and from in any manner asking for or receiving any commission as Judge of said Court, and from doing anything whatever by way of qualifying or attempting to qualify and obtaining possession of or taking over said office, or in any manner interfering with plaintiff's right to the possession or enjoyment of same, or doing anything that will in any manner interfere with or embarrass plaintiff in the exercise of the powers of said office or the administration of the business of said court, or cast any doubt or cloud upon his right to hold and enjoy said office, and to exercise the duties and powers thereof; and that such order shall continue and remain (in) force until such time as this application may be heard in the District Court of Montgomery County, to determine whether or not said injunction shall be made final; that your fiat be endorsed hereon directing the District Clerk of Montgomery County to issue such temporary injunction, and to issue notice of hearing, and that this application be returned to the District Court of Montgomery County with the direction that it be heard at the earliest date possible, for the purpose of determining whether or not said temporary writ of injunction shall be made perpetual.

E. B. Pickett
Osward S. Parker
S. H. German
Attorneys for Plaintiff."

The petition is duly sworn to.

It is shown that this petition was presented to respondent, Thos. B. Coe, Judge of the 75th District, in chambers on November 6, 1928, and he endorsed thereon his fiat, ex parte, and without a hearing, as follows:

"The above and foregoing sworn petition being duly presented to me and the same being heard and considered by me, because it appears to me from the facts stated in said petition that the applicant is entitled to the writ of injunction as therein prayed for, the said prayer is hereby granted and the Clerk of the District Court of Montgomery County, Texas, is directed to issue the writ of injunction directed to the defendant herein, S. A. McCall, in all things as prayed for in said petition, in paragraph '5,' page 5, thereof, upon the applicant J. L. Manry, giving bond as provided by law in the sum of Five Hundred dollars.

"Done in chambers, at Kountze, Hardin County, Texas, this the 6th day of November, 1928.

> Thos. B. Coe, District
> Judge of the 75th Judicial
> District of Texas."

It seems that said writ of injunction issued and was served on Judge McCall and he has obeyed same in all things. However, since this suit was filed, Judge McCall has received his certificate of election, and same is filed in this cause.

It seems that citation has been issued and served in said cause, but nothing has been done, and that said cause now stands on the docket of the District Court of Montgomery County, the residence of defendant therein, for trial.

After the happening of the above events, the case at bar was filed in the Supreme Court by the Attorney General on relation of Judge McCall, in the nature of a quo warranto to try the title to said office. In the petition herein the facts above set out are made known to this court and are undisputed. The essential facts of the two petitions, that is the petition in this court and the petition in the District Court, are the same.

The prayer for relief in the case at bar is as follows:

"WHEREFORE, the State of Texas prays:

"1. That its petition for leave to file this Information and petition for mandamus and other ancillary relief be granted.

"2. That in aid of this Court's jurisdiction to entertain this suit and to issue the writ of quo warranto, and to entertain this Information in the nature of quo warranto and as ancillary thereto, this Honorable Court shall issue forthwith its writ of prohibition, restraining and prohibiting the Respondent T. B. Coe, pending hearing and final disposition of this cause, from enforcing said injunction, or in the alternative, from enforcing such portions thereof as restrain

the Relator from asserting in this proceeding his claim to the office of District Judge of the Ninth Judicial District, and from obtaining and receiving the certificate of election and the commission and from taking all proper and necessary steps to prosecute, assert and defend his title to said office, and from securing all legal evidence available to him of his title to said office and from doing all things necessary and proper in and to the preparation and presentation of and participation in this cause before this Honorable Court; and prohibiting the Respondent Coe and the Respondent Manry from doing anything to interfere with Relator's full participation in this proceeding; and prohibiting Respondent Coe from penalizing Relator for obtaining his certificate of election and commission and asserting his rights herein.

"3. That due notice and process of law in accordance with the rules of the Court issue to the Respondents, and that notice or citation be duly issued to the Respondent J. L. Manry, requiring him to plead and answer to the foregoing Information in the nature of quo warranto at such time as may be fixed and designated by this Honorable Court, and at that time to show by what warrant or authority he holds and executes the office of District Judge of the Ninth Judicial District of Texas, and upon final hearing that this Honorable Court shall determine and adjudge, as between the two conflicting claimants, namely, the Relator S. A. McCall and the Respondent J. L. Manry, the title to said office of District Judge of the Ninth Judicial District, and if the Court shall find and adjudge that the Relator S. A. McCall is entitled to assume and exercise the functions of said office, then that the Respondent J. L. Manry be ousted and altogether excluded from said office; and in that event, that the said Relator S. A. McCall be adjudged to be rightfully entitled to said office and be installed therein.

"4. The State of Texas further prays that upon hearing, it have judgment against both respondents, granting to it the writ of mandamus directed to the Respondent Coe as Judge of the Seventy-Fifth Judicial District of Texas, directing and commanding the said Coe to vacate said illegal injunction and dismiss said injunction suit; and for the issuance of the writ of prohibition, and such other writs as may be necessary to prohibit the said Coe from enforcing his order granting said injunction, and prohibiting said Coe from holding Relator in contempt for violating said injunction. In the alternative the State of Texas prays that after notice and upon hearing it have judgment against Respondents, annulling and avoiding that

portion of said injunction whereby Relator is restrained from accepting and retaining the certificate of election and commission tendered to him by the proper officers, and from taking the oath of office as District Judge of the Ninth Judicial District of Texas, and commanding and directing the said Coe to vacate at least all portions of said injunction whereby Relator is restrained from obtaining the proper legal evidence of his right to hold the said office, and so much thereof as restrains and prohibits the Relator from qualifying as such Judge and from properly defending or prosecuting his right to said office and the emoluments thereof.

"5. The State of Texas further prays for costs of suit and for the issuance of such other writs as may be deemed by this Honorable Court necessary or expedient or convenient to the full exercise of the jurisdiction of this Court, and for the issuance of such writs and orders as may be necessary or proper to the end that the judgment and jurisdiction of this Court may be fully protected and enforced. State of Texas further prays for all other relief, either general or special, to which it may be entitled under the facts hereinabove presented and the law applicable thereto."

The Supreme Court permitted the case to be filed and referred same to this Section of the Commission.

After the filing of the application in the Supreme Court respondents answered and appeared, and respondent Manry files pleas to the jurisdiction and in abatement, and also answers to the merits, all pleadings being filed in due order.

It seems plain to us that relator McCall is the duly, legally, and constitutionally elected judge of the 9th Judicial District and as such is entitled to receive his commission and take the oath of office, and enter upon its duties.

We have carefully read and examined the Act of the 39th Legislature, in question, being Chapter 166, General Laws of said Legislature, page 378. An examination of said act as a whole, including the caption, the body of the act, and the emergency clause, shows clearly that the Legislature did not create any new judicial districts in said act. The act is just exactly what its caption shows it to be, an act to *re-organize,* not to abolish, said districts, by doing the things shown in the act. If the act operates so as to create a new district, then it created a new office and the part of Section 5 thereof which attempted to appoint Judge Manry as Judge thereof by legislative action was null and void, as it is not a legislative power to appoint district judges. Such is an executive power and is so

expressly by the plain terms of our Constitution. State v. Gillette, 10 S. W. (2d) 984; State v. Valentine, 198 S. W., (Tex. Civ. App., writ ref.) 1006. However, as above stated, we do not think that the act created new districts at all, but merely re-organized the old districts.

It is provided by section 7 of Article V of the Texas State Constitution that:

"The state shall be divided into as many judicial districts as may now or hereafter be provided by law, which may be increased or diminished by law. For each district there shall be elected by the qualified voters thereof, at a general election, a judge, who shall be a citizen * * * who shall hold his office for a period of four years. * * *"

If the Legislature created no new district, and did not abolish the 9th District, then it follows that Judge Manry having been elected judge of the 9th District in November, 1924, at the general election of that year, for a four year term, was entitled to such full four year term under the Constitution and that the part of Section 5 of the Act of 1925, which attempted to shorten the term and cause a new election in 1926 for such office was in plain violation of the express provision of our Constitution above quoted and is null and void. However, this does not affect the validity of the balance of the act.

It follows from what we have said that there is no doubt under the Constitution and laws of this state Judge Manry was duly and constitutionally elected Judge of said 9th District in 1924 for a full four year term, and that said district not having been abolished, he was entitled to serve out said full term. It further follows that Judge McCall was duly and constitutionally elected to said office in November, 1928, and is now entitled to qualify as such and assume its duties and receive its emoluments.

In the face of the above undisputed facts, and conclusions of law, we are confronted with two very serious problems, which we must determine, before the Supreme Court should take further jurisdiction of this case, or undertake to grant the relief McCall is clearly entitled to, viz.:

First: Does the fact that the suit of Judge Manry against Judge McCall now pending in the District Court of Montgomery County, Texas, was filed first, and the further fact that it is unquestioned that the District Court is clothed by law with power to hear and determine all matters here presented, and grant full and effective

relief, deprive the Supreme Court of jurisdiction to hear and determine the issues of this case? and,

Second: If the jurisdiction of this court is not ousted by the previous filing of said suit in the District Court, ought this court to take further cognizance herein under the circumstances hereinbefore set out?

Addressing ourselves to the first question, we are of the opinion that both the Supreme Court and the District Courts of this state are vested by law with original jurisdiction to try suits in the nature of quo warranto proceedings to determine the title to the office of District Judge. We further think that the District Court is clothed with ample authority to try the title to such office in an ordinary civil action between actual claimants without the aid of the State.

It is the contention of the State and Relator, McCall, that the suit in the District Court is not a suit to try the title to the office in question, and that since the title cannot be adjudicated in that proceeding, the jurisdiction of the Supreme Court here and now invoked should not be withheld. Citing, among other authorities, Williams v. Castleman, 112 Texas, 193–208; McAllen v. Rhodes, 65 Texas, 348; Jackson v. Howser, 208 S. W., 186, (Tex. Civ. App.); Ware v. Welch, 149 S. W., 263; 22 R. C. L., p. 454, sec. 113; 32 Cyc., p. 1418, and Mechem on Public Officers, sec. 994, page 661. In other words it is contended that the title to a public office cannot be litigated in a pure injunction suit, and that the suit in the District Court is nothing but an injunction suit.

We do not consider it necessary to finally pass on this proposition of law, for even if it be conceded that such is the rule, still the question as to whether the District Court suit has ousted the jurisdiction of the court is not free from doubt, as it will probably be necessary for the District Court to determine and adjudicate the title to the office before it can determine the matter of injunction.

Addressing ourselves to the question as to whether, under the circumstances of this case, this court ought to take further jurisdiction hereof, we are of the opinion that, inasmuch as the District Court certainly has ample potential original jurisdiction to try, adjudicate, and settle all matters in dispute between the parties, who are claiming said office; and, inasmuch as we will not indulge the presumption that if the facts on final trial in the district court appear as herein, Judge McCall will not be granted full and ample

relief; and, inasmuch as a trial and final judgment in this court would absolutely oust the jurisdiction of the district court to finally try the case in that court, and render that case moot; and, inasmuch as the jurisdiction of this court is subject to very grave and serious doubts; and, finally, inasmuch as under the circumstances of this case, the Supreme Court undoubtedly has the right to decline to take further jurisdiction hereof, under the circumstances hereinbefore set out, this case ought to be dismissed.

We therefore recommend that this proceeding be dismissed without prejudice.

I join in the recommendation of dismissal, but I am not prepared to express an opinion touching other matters discussed.

*Nickels,* Judge.

Opinion of Commission of Appeals is adopted, and cause dismissed without prejudice, as recommended by the Commission.

*C. M. Cureton,* Chief Justice.