LEAGUE et al. v. BRAZORIA COUNTY
ROAD DIST. NO. 13 et al.*
(No. 7224.)

(Court of Civil Appeals of Texas. Galveston.
June 2, 1916. Rehearing Denied
June 29, 1916.)

1. INJUNCTION ☞139 — AUTHORITY OF SPECIAL JUDGE.

A special district judge of one court has no authority to grant a temporary injunction returnable to any other court, and an injunction so granted is without legal authority and void.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 311; Dec. Dig. ☞139.]

2. APPEAL AND ERROR ☞742(1)—BILL OF EXCEPTIONS—STATEMENT—SUFFICIENCY.

Assignments of error, not followed by the statement required by the rules, cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742(1).]

3. HIGHWAYS ☞90—ESTABLISHMENT—VALIDITY—MOTIVES OF PETITIONERS.

The determination of the area of a road district, the sufficiency of the petition for the establishment of such district, and other prerequisites to the establishment of a valid road district are matters within the discretion of the commissioners' court, and the motives of the petitioners cannot be considered in determining the validity of the action establishing such road district.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 301, 302; Dec. Dig. ☞90.]

4. HIGHWAYS ☞90 — ROAD DISTRICTS — BONDS.

In an action to enjoin the issue of bonds of a road district, a petition, attacking the qualification of the signers of the petition, merely alleging that some petitioners had paid no poll tax and that others had not returned their property for taxation, held not sufficient, since the nonpayment of poll tax does not negative a petitioner's qualifications as a voter, nor does his failure to render his property for taxation indicate that he is not the owner of taxable property.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 301, 302; Dec. Dig. ☞90.]

5. HIGHWAYS ☞90—ROAD DISTRICTS—BONDS—UNCONSTITUTIONALITY OF STATUTE.

Injunction will not lie to restrain the holding of an election under an unconstitutional law, for the issuance of bonds of a road district, because the holding of such election is not an invasion in a legal sense of the property rights of complainant, because if the law be unconstitutional the proceedings are void and complainants have an adequate remedy at all times, and because the election is a political proceeding not subject to judicial control.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 301, 302; Dec. Dig. ☞90.]

6. HIGHWAYS ☞90—ROAD DISTRICTS—BONDS.

The holding of an election for the purpose of authorizing the issue of road bonds is a political proceeding, and not subject to interference by way of injunction by the courts.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 301, 302; Dec. Dig. ☞90.]

Appeal from District Court, Brazoria County; Saml. J. Styles, Judge.

Action by J. C. League and others against the Brazoria County Road District No. 13 and others. Judgment for the defendants, and plaintiffs appeal. Affirmed.

Gaines & Corbett, of Bay City, R. C. Gaines, of Angleton, and Claude Pollard and E. H. Crenshaw, Jr., both of Kingsville, for appellants. Munson, Williams & Munson, of Angleton, for appellees.

McMEANS, J. August 19, 1915, plaintiffs, J. C. League and others, appellants here, brought this suit against the county judge and county commissioners of Brazoria county and the presiding judge and the judges of election appointed by the commissioners' court, to enjoin and restrain the holding of an election by the qualified voters in road district No. 13 of Brazoria county to determine whether the bonds of said road district in the sum of $150,000 should be issued for the purpose of constructing, maintaining, and operating macadamized, graveled, or paved roads in said district, and whether a tax should be levied upon the property subject to taxation in said district, for the purpose of paying the interest on said bonds, and to provide a sinking fund for their redemption

at maturity. The petition was presented to Hon. J. W. Woods, special judge of the Sixty-First judicial district court of Harris county, the regular judge of the district court of Brazoria county being inaccessible at that time, and the said special district judge granted a temporary injunction returnable to the district court of Brazoria county on the beginning of its September term, to wit, September 6, 1915. No appeal was prosecuted from the order granting the temporary injunction. September 23, 1915, Frank Andrews, as receiver of St. Louis, Brownsville & Mexico Railroad Company, intervened as party plaintiff, and the original plaintiffs filed an amended petition, both parties praying for a permanent injunction, and on the same day the defendants filed an amended answer, containing a general demurrer and special exceptions to the amended petition and plea in intervention. Thereafter, the case coming on to be heard at a regular term of the district court of Brazoria county, and the parties having announced ready upon the questions of law raised by the demurrer and special exceptions, the court, after due consideration, sustained the general demurrer and all special exceptions and dissolved the temporary injunction theretofore granted by Special District Judge Woods, and, as no relief other than an injunction was sought, dismissed the case. From this action of the court the plaintiffs have appealed.

Appellants' second assignment of error complains of the action of the court in sustaining the exception of defendants to the effect that the temporary injunction granted by Special Judge Woods was a nullity, for the reason that a special judge of a district court is without power to grant an injunction returnable to any other court.

[1] While we regard this action of the court as immaterial, in view of the fact that the case was up for a hearing at a regular term upon amended pleadings which prayed only for a permanent injunction, the temporary injunction having in the meantime, served the purpose for which it was sought, whether valid or not, we will say, in passing, that it seems to be well settled that a special district judge of one court has no authority to grant a temporary injunction returnable to any other court, and that therefore the injunction granted in this case by Judge Woods was without lawful authority and void. Wynn v. Edmonson, etc., Co., 150 S. W. 310.

[2] The third, fourth, fifth, sixth, and ninth assignments are not followed by statements such as required by the rules to authorize their consideration, and for this reason appellees object to our considering them, and the objection must be sustained.

[3] There was no error in sustaining the seventh special exception to the sixth and seventh paragraphs of plaintiff's petition. These paragraphs attack the motives of the persons by whom the petition for the election was alleged to have been gotten up. The determination of the area of the district, the sufficiency of the petition, and other prerequisites to the establishment of a valid road district was a matter peculiarly committed to the commissioners' court, and the motives of the persons who set the machinery in motion leading to the creation of the district cannot control nor be taken into consideration.

The eighth assignment complains of the action of the court in sustaining defendants' special exceptions to the eighth paragraph of the amended petition, which is as follows:

"The tax rolls of Brazoria county, Tex., for the year 1914 show that of the 77 persons whose names are signed to the petition for election to determine the question of said bond issue, the following named 29 persons paid no poll tax for the year 1914, viz.: Edward Riggs, J. R. Mitchell, J. F. Guger, A. J. Lundgren, G. K. Kohlman, P. J. Krause, G. D. Prewitt, S. H. Mack, G. G. Bootner, Henry Ballows, James Brown, Zebze Brown, Asa Ishmore, Andrew Mills, William Hill, J. C. Connock, D. J. Ogburn, W. Houston, Henry Hanson, Sam Gaston, H. Pink, Collin Campbell, A. Mithers, Joseph Reynolds, Pete Davis, John Scott, Lee Coleman, Jackson Davis, Jasper York. That of the persons whose names are signed to said petition for said election order, Houston Williams lives at West Columbia, and not in said district No. 13. That petitioners are informed and believe, and, so believing, charge, C. A. Seaborn renders personal property for the year 1915, valued on the county tax roll at $115, resides in the town of Columbia and not in said district; that the name of J. O. Lindquist, another of the signers of the said petition, is on the nonresident roll for 1914 and renders no property for taxes for 1915. That the following named persons, whose names are signed to said petition, do not render any property for the year 1915: H. P. Hopkins, J. Rhodes Wright, A. J. Lundgrun, G. K. Kohlman, A. N. Nack, E. Vivla, James Brown, Zebze Brown, J. Connack, Elmer Krause, Henry Hanson, Henry Howard, Dan Gaston, L. T. Patton, Isam F. Cannell, Joseph Reynolds, John Scott, Robert Smith, Will Williams, and J. W. Watson, and that Walter Crain, Jr., one of the signers, resides at Sweeny and not in said district, and in consequence of all of which the said petition for election so ordered is not signed by the number of voters required by article 3, § 52, of the Constitution of the state, and article 628 of Sayles' Civil Statutes, and the commissioners' court of Brazoria county was without authority to order said election."

[4] We think there was no error in sustaining the special exception. The allegation attacking the qualification of the signers of the petition, which merely alleges that some of such signers had not paid their poll tax, and that certain others of them do not render any property for taxes, is insufficient to show their disqualification, or to show that a requisite number of qualified voters had not signed the petition. The allegation that a person had not paid his poll tax does not negative that he is a qualified voter, for there is a large class of persons who are exempted by law from the payment of such taxes; nor does the allegation that a person has not rendered his property for taxation negative that he is the owner of taxable property.

[5, 6] We shall not discuss the remaining

assignments of error in detail. We think that the injunction was properly refused, for the reasons: First, that the holding of the election did not, of itself, create any liability upon the appellants, nor operate as an incumbrance or charge upon their property, or in any way interfere with their property rights, and therefore they could not have been harmed in the slightest by permitting the election to be held; second, that if the law under which the election was sought to be held is unconstitutional, as appellants contend, then it is void, and any proceedings had thereunder would be void, and could be successfully attacked by appellants at any time (Parks v. West, 102 Tex. 11, 111 S. W. 726; Cohen v. Houston, 176 S. W. 814); and, third, that the election sought to be enjoined was a political proceeding, and not subject to judicial control (Robinson & Watson v. Wingate, 36 Tex. Civ. App. 65, 80 S. W. 1067; City of Dallas v. Consolidated St. Ry. Co., 105 Tex. 337, 148 S. W. 292). The reasons why an injunction does not lie to restrain the holding of an election, such as the kind under discussion, may be summed up in the conclusion that there is in the performance of these statutory duties no invasion, in a legal sense, of the property rights of the complainants, whether the election is open to attack in other ways or not. Robinson v. Wingate, 98 Tex. 268, 83 S. W. 182. The reasons are elaborated in the clear and able opinions referred to, and further discussion here would only involve the statement of additional, or perhaps the same arguments in different form, tending to the same conclusion.

The judgment of the court below is affirmed.

Affirmed.