## TEMPLE LUMBER CO. v. COMMISSIONERS' COURT OF SABINE COUNTY et al. (No. 775.)*

(Court of Civil Appeals of Texas. Beaumont. March 25, 1922. Rehearing Denied May 3, 1922.)

**1. Constitutional law &#8660;68(1)—Election to authorize road improvement district bonds and proceedings thereunder are political in their nature and beyond court's control by injunction.**

Holding of elections for the purpose of authorizing issuance of bonds for road improvement districts claimed to be illegal, and proposed proceedings thereunder, and under other similar bond elections, are political in their nature and beyond the control of the courts by way of injunction, since, when all the political steps have been complied with, if the bonds are void, they can be attacked at any time, and, if only voidable, there is a full and complete remedy therefor under the statute.

On Rehearing.

**2. Judgment &#8660;472 — Commissioners' court judgment cannot be collaterally attacked.**

Though the commissioners' court is of special and limited jurisdiction, it is a court of record, and, when acting within its limitations, its proceedings cannot be attacked collaterally.

Appeal from District Court, Sabine County; V. H. Starke, Judge.

Suit for injunction by the Temple Lumber Company against the Commissioners' Court of Sabine County and others. From an order dissolving a temporary writ and denying a permanent injunction, plaintiff appeals. Reformed and affirmed.

Goodrich, Davis & McWilliams, of Hemphill, for appellant.

Minton & Lewis, of Hemphill, for appellees.

WALKER, J. [1] In this case appellant, as plaintiff, filed suit in the district court of Sabine county against the commissioners' court and other officers of that county, alleging, in substance, as follows:

(1) That on December 15, 1917, the county as a whole voted road bonds in the sum of $500,000, and that the bonds so voted were issued and sold, and about $450,000 of such bonds "are now a valid, subsisting, and outstanding

obligation against all the property in Sabine county, Tex., as is by law in such cases made and provided."

(2) "That, disregarding and ignoring the fact that the credit of Sabine county, as a whole, had been loaned and taxes levied to discharge the interest on the bonds as mentioned in the preceding paragraph, and to provide a sinking fund to retire them at maturity, the defendant commissioners' court, on petition of certain persons representing themselves as resident citizens of Sabine county, and as residing in certain territories described by metes and bounds, praying the said court to designate the territories described in the several petitions as road districts, and to order elections to determine whether or not bonds in said designated sums, bearing interest at the rate of 5½ per cent. per annum, and maturing at such times as might be fixed by the defendant commissioners' court serially or otherwise, not to exceed 30 years from the date thereof, should be issued and taxes levied to discharge the interest on them and to provide a sinking fund for their retirement at maturity, for the purpose of constructing, maintaining and operating macadamized, graveled, or paved roads and turnpikes, or in aid thereof, granted the several petitions in all things as prayed for; that road districts were established by defendant commissioners' court, and elections ordered, and the amount of bonds named in the several election orders and the dates of the petitions aforesaid were as follows:

| | | | |
|---|---|---|---|
| March | 18, 1921. | Road District No. 1 | $ 70,000 00 |
| March | 12, 1921. | Road District No. 2 | 50,000 00 |
| March | 19, 1921. | Road District No. 3 | 100,000 00 |
| March | 28, 1921. | Road District No. 4 | 140,000 00 |
| March | 28, 1921. | Road District No. 5 | 75,000 00 |
| April | 1, 1921. | Road District No. 6 | 45,000 00 |
| May | 8, 1921. | Road District No. 7 | 15,000 00 |
| April | 11, 1921. | Road District No. 8 | 2,000 00 |
| April | 29, 1921. | Road District No. 9 | 20,000 00 |
| May | 6, 1921. | Road District No. 11 | 60,000 00 |
| May | 7, 1921. | Road District No. 12 | 60,000 00 |
| | | Total | $637,000 00 |

(3) "That elections have been held in all of said districts except Nos. 7, 9, 11, and 12, and that defendant commissioners' court has declared the elections in road districts Nos. 1, 2, 3, 4, and 5, favorable to the issuance of bonds as set out above, and ordered that same be issued; that the result of the elections in road districts Nos. 6 and 8 have not yet been declared, but plaintiff is informed and believes, and upon such information and belief alleges, that if said elections are favorable to the issuance of bonds as set out above that defendant commissioners' court will so declare and order bonds issued accordingly; that all of said petitions and orders entered in pursuance thereto, and all notices and sheriff's returns, are recorded in the minutes of defendant commissioners' court, to which reference is here made for all purposes, and copies of all of said petitions, orders, etc., accompany this petition, except orders declaring the results of elections in road districts Nos. 4 and 5, for the inspection of the court, but are not attached hereto, nor made a part hereof."

(4) "That plaintiff is the owner in fee simple of large tracts of land, and is the owner of the timber only on large tracts of land, situat-ed in Sabine county, Tex., in said road districts, as well as a large amount of personal property situated in said county, and the defendant commissioners' court, if not restrained, will issue and cause to be issued road bonds in all of said road districts wherein orders have already been entered by said commissioners' court directing the issuance thereof, and will pass all necessary orders directing the issuance of bonds as prayed for in the petitions in all of such road districts in which elections have already been held and the result thereof has been declared by the said defendant commissioners' court by orders entered in the minutes of the commissioners' court to be in favor of said road bond proposition submitted in each district respectively, and that the said commissioners' court will continue to exercise its power under the law in such cases, and perform all acts necessary and conditions precedent to the issuance of said road bonds in all of said road districts, whereby said road bonds will apparently be authorized and fixed as a valid, subsisting, and outstanding obligation against the property of plaintiff and all others in said districts, and that defendant J. H. Travis, tax assessor of Sabine county, and N. W. Ener, tax collector, will assess and collect taxes on said property, whereby plaintiff will suffer irreparable injury, and that against such acts plaintiff has no adequate remedy at law."

(5) That by the election held on December 15, 1917, "the taxes of Sabine county were thereby appropriated to the exclusive purpose of paying the interest on said road bond issue for the entire county, and for the creating a sinking fund to retire said bonds at maturity thereof, and that article 3, § 52, of the Constitution of Texas, and the laws in pursuance thereof, do not authorize the subdivision of a county into districts for the purpose of constructing, maintaining, and operating graveled or paved roads and turnpikes, or in aid thereof, after the county has been lawfully designated as an entirety as a road district, and the bonds in pursuance of such designation are still outstanding and unpaid."

(6) "That said acts and proposed acts of the defendant commissioners' court are contrary to article 14, § 1, of the Constitution of the United States, in that they are confiscatory of plaintiff's property and seek to take the same without due process of law."

(7) "That said acts and proposed acts of defendant commissioners' court are illegal and void, and a gross abuse of the discretion of defendant commissioners' court, because the said road districts have been and are attempting to be established unreasonably, arbitrarily, and without due regard to the establishment of roads from county seat to county seat, as required by law, and without regard to the roads already laid out and established, and that no co-ordinated system of road building is provided for, and that the roads already built will be allowed to deteriorate, damage, and become utterly worthless, and because said road districts are being laid out in such a manner as to discriminate against plaintiff and favor others, and are not being laid out impartially and for the best interest of the taxpayers, and are being laid out so as to injure plaintiff herein."

(8) "That said elections are illegal and void because it is not shown that publication of said

election notices were made 4 successive weeks before said elections, as is required by article 629, Rev. Civ. St. 1911."

(9) "That said elections are illegal and void because the sheriff's returns show that notices were posted 21 full days before said elections, and not for 3 successive weeks before the said election, as is required by article 629, Rev. Civ. St. 1911."

(10) " * * * That, if said bonds ordered issued by defendant be permitted, the special road bond issue of Sabine county will be far in excess of the constitutional limitation of article 3, § 52; that, should the elections ordered held in districts Nos. 6, 7, 8, 9, 11, and 12 vote the issue petitioned for by said districts, and said amounts are ordered issued by the commissioners' court, it would augment the excessive issue of special road bonds for Sabine county to an amount far in excess of the constitutional limitation of article 3, § 52, the total excess being $163,242.50."

"Wherefore, premises considered, plaintiff prays your honor that your most gracious writ of injunction heretofore granted in this cause restraining and enjoining the said defendant commissioners' court of Sabine county and W. C. Arnold, county judge, J. A. Ragan, commissioner precinct No. 1, Jerry Ball, commissioner precinct No. 2, S. H. Hall, commissioner precinct No. 3, and A. T. Mathews, commissioner precinct No. 4, as members of the commissioners' court of Sabine county, Tex., and individually, from levying any tax to pay the interest and to create a sinking fund to retire said bonds and from issuing or causing to be issued, from selling or in any manner causing to be sold, the road bonds of said districts Nos. 1, 2, 3, 4, 5, 6, 7, 8, and from taking any further action whatever in the matter of the issuance of road bonds in any of said districts, and restraining and enjoining said defendant from creating and designating other portions of Sabine county into road districts for elections to be held for special road bond issues, and from levying and collecting any tax therefor for the retirement, or payment of any such bonds, and restraining and enjoining the defendants J. H. Travis, tax assessor of Sabine county, Tex., and N. W. Ener, tax collector of Sabine county, Tex., from assessing and collecting any taxes against any of said road bonds in any of said road districts be made perpetual, and that similar orders be entered as to road districts 9, 11, and 12, and for its costs of suit, and for such other and further relief, special and general, in law and in equity, that it may be justly entitled to."

Appellee filed a general demurrer and other pleas, not necessary to mention. A temporary writ of injunction was issued giving appellant all the relief prayed for. On a trial on the merits this injunction was dissolved, and appellant was denied relief in all the particulars prayed for in its petition.

Judgment was properly entered dissolving the temporary writ and denying a permanent injunction. This suit was prematurely brought. Conceding as true all the allegations in appellant's petition, it did not state a cause of action.

League et al. v. Brazoria County Road Dist. No. 13 (Tex. Civ. App.) 187 S. W. 1012, in which writ of error was denied by the Supreme Court, is a case directly in point, it seems to us, and is an authority against appellant on all contentions made by it on the issues raised by its petition. Speaking for the Court of Civil Appeals for the First Supreme Judicial District, Mr. Justice McMeans said:

"August 19, 1915, plaintiffs, J. C. League and others, appellants here, brought this suit against the county judge and county commissioners of Brazoria county and the presiding judge and the judges of election appointed by the commissioners' court, to enjoin and restrain the holding of an election by the qualified voters in road district No. 13 of Brazoria county to determine whether the bonds of said road district in the sum of $150,000 should be issued for the purpose of constructing, maintaining, and operating macadamized, graveled, or paved roads in said district, and whether a tax should be levied upon the property subject to taxation in said district, for the purpose of paying the interest on said bonds, and to provide a sinking fund for their redemption at maturity. * * *

"We think that the injunction was properly refused, for the reasons: First, that the holding of the election did not, of itself, create any liability upon the appellants, nor operate as an incumbrance or charge upon their property, or in any way interfere with their property rights, and therefore they could not have been harmed in the slightest by permitting the election to be held; second, that if the law under which the election was sought to be held is unconstitutional, as appellants contend, then it is void, and any proceedings had thereunder would be void, and could be successfully attacked by appellants at any time (Parks v. West, 102 Tex. 11, 111 S. W. 726; Cohen v. Houston, 176 S. W. 814); and, third, that the election sought to be enjoined was a political proceeding, and not subject to judicial control (Robinson & Watson v. Wingate, 36 Tex. Civ. App. 65, 80 S. W. 1067; City of Dallas v. Consolidated St. Ry. Co., 105 Tex. 337, 148 S. W. 292). The reasons why an injunction does not lie to restrain the holding of an election, such as the kind under discussion, may be summed up in the conclusion that there is in the performance of these statutory duties no invasion, in a legal sense, of the property rights of the complainants, whether the election is open to attack in other ways or not. Robinson v. Wingate, 98 Tex. 268, 83 S. W. 182. The reasons are elaborated in the clear and able opinions referred to, and further discussion here would only involve the statement of additional, or perhaps the same arguments in different form, tending to the same conclusion."

All the matters complained of by appellant were political in their nature and beyond the control of the courts. When all the political steps have been complied with, then, if the bonds are void, they can, of course, be attacked at any time, or, if only voidable, appellant has a full and complete remedy under the statute.

The trial court filed conclusions of law and

fact on the issues raised by appellant's pleadings, finding against appellant on the issues of fact raised by it. In view of the disposition made by us of this appeal, these conclusions should not be sustained, as the facts pleaded do not raise any justiciable issue. We therefore affirm the judgment of the trial court, in so far as it denied the relief prayed for, but set aside the trial court's findings of fact and conclusions of law. As so reformed, the judgment appealed from is affirmed.

### On Rehearing.

A careful examination of appellant's petition shows that this suit is not a contest of an election. Appellant does not seek to set aside or annul any order of the commissioners' court made and entered in connection with any of the elections enumerated in this petition. It is simply a suit for injunction to restrain the duly elected and qualified officers of Sabine county from performing the duties required of them by the statutes of this state to make effective the purposes of the elections. It also appears from plaintiff's petition that respondents fully complied with all the statutory requirements in ordering, holding, and declaring the result of the elections. The matters about which appellant complains are dehors the record. By alleging extraneous facts and circumstances, appellant seeks to avoid the effect of the orders entered by the commissioners' court on its minutes and the elections expressing the will of the people, while leaving those orders on the minutes of the commissioners' court unimpaired.

[2] Though the commissioners' court is one of special and limited jurisdiction, it "is a court of record and speaks through its minutes." Gano v. Palo Pinto County, 71 Tex. 102, 8 S. W. 634. And when it acts within its statutory and constitutional limitations— as appellant's petition shows that it has done in this case—its proceedings cannot be attacked collaterally. If the proceedings are void for any of the reasons advanced by appellant, the bonds issued under and by authority of such proceedings would be void, and could be attacked at any time. Equity has no jurisdiction to restrain the issuance of void bonds. Polly v. Hopkins, 74 Tex. 145, 11 S. W. 1084. On the other hand, if the proceedings are merely voidable, appellant has a full and complete remedy under the statutes providing methods for contesting elections, and, in such a contest, equity can interpose its jurisdiction to preserve and protect the interest of the litigants pending a determination of the legal issues involved.

The above discussion is apart from the conclusion expressed by us in our original opinion. We there said:

"All the matters complained of by appellant were political in their nature and beyond the control of the courts."

In making this statement, we had in mind the following proposition advanced by Mr. Justice Gill in Robinson & Watson v. Wingate, 36 Tex. Civ. App. 69, 80 S. W. 1069:

"It is the concensus of opinion that elections are under the control of the political branch of our government; that the Legislature has seen fit to intrust to certain special tribunals their holding, the canvassing of the returns, and the declarations of the result; that, having done these things, the courts have under their general powers no authority to review the action of the special tribunals thus constituted."

In denying a writ of error in this case (98 Tex. 268, 83 S. W. 182), the Supreme Court directly approved the propositions and reasoning advanced by Judge Gill.

On a former day of this term we denied appellant's motion for rehearing in this case, without a written opinion. This additional opinion is filed in answer to its motion asking for a written opinion.

Believing that the case has been correctly disposed of, the motion for rehearing is in all things overruled.