## AUSTIN BROS. BRIDGE CO. v. ROAD DIST. NO. 3 OF LIBERTY COUNTY et al. (No. 876.)*

(Court of Civil Appeals of Texas. Beaumont. Jan. 1, 1923. Rehearing Denied Jan. 17, 1923.)

1. **Highways ☞113(4)—Contractors paid from district funds in order of execution of contracts.**

Creditors of a road district are paid from the district's funds in the order of the execution of the contracts under which debts arise, and when one makes a contract for work on the roads of a district, he at once acquires a vested interest in the district's funds to the full extent of his contract, and the commissioners' court has no power to impair such right by paying out the funds to subsequent contractors or creditors.

2. **Highways ☞90—Orders of commissioners' court held not to give cause of action for preference of claim against district and change relative rank thereof.**

Orders of the commissioners' court, ordering a claim against a road district to be registered first and paid out of the first money received by the district, gives no cause of action for a preference, and does not change the relative rank thereof as a charge against its funds; there being no necessity or requirement for registering road district warrants, and rights of its creditors being vested when the orders were made.

3. **Counties ☞57—Proceedings of commissioners' court cannot be attacked collaterally, unless without jurisdiction and void.**

The commissioners' court is a court of record, and when acting within its legal limitations its proceedings cannot be attacked collaterally, but, when it affirmatively appears on the face of the record that it had no jurisdiction over the subject-matter of its orders, its proceedings are void and can be impeached collaterally.

4. **Highways ☞113(4) — Orders of commissioners' court for preference of a contractor in his claim against road district held void.**

In dealing with contractors doing work on a road district the commissioners' court has

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused February 21, 1923.

jurisdiction to make contracts, audit the accounts, and approve or reject claims, but it has no authority to decree a preference, and all such orders under which a contractor claims a preference are void.

**5. Highways ⬅⟾90—Orders of commissioners' court as to investment of road district funds held illegal.**

An order of the commissioners' court, directing the investment of funds of a road district in a warrant for work done for another district, is illegal in the sense that the court had no authority to invest such funds in commercial paper.

**6. Highways ⬅⟾90—Road district paying warrant against another district subrogated to rights of original holders, but not entitled to preference over other district's creditors.**

Where the county commissioners ordered that a road district pay a warrant against another district not having sufficient funds, and hold the same until there was money available to pay it, it became the owner and holder of the warrant, and was subrogated to the rights of the original holders, but acquired no claim against the other district, nor its funds, beyond the interest of the original holders, and was not entitled to a preference over other creditors.

**7. Highways ⬅⟾90—Powers and duties of county commissioners' court having legal title to road district's funds defined.**

A county commissioners' court, having the legal title to the funds of a road district, occupies a trust relation to all the creditors of the district, and its duties in respect thereto are commensurate with its powers, and it becomes entitled, and it is its duty, to make every defense for them against an opposing claim that they could make if before the court in their own proper persons; and, being invested with such powers and subject to such obligations, they will necessarily be bound by what is done against as well as by it.

**8. Judgment ⬅⟾119—Proof necessary to sustain plea on which judgment based.**

There must be proof to sustain a plea on which a judgment is based.

**9. Costs ⬅⟾32(1)—Plaintiff having cause of action entitled to costs regardless of intervention proceedings.**

Where plaintiff had a cause of action on a road district warrant, he was entitled to costs on judgment for him regardless of outcome of intervention proceedings to determine preference in payment.

### On Rehearing.

**10. Appeal and error ⬅⟾267(1) — Judgment against which no exception filed affirmed.**

A judgment against which no exception was filed will be affirmed.

Appeal from District Court, Liberty County; J. L. Maury, Judge.

Action by the Austin Bros. Bridge Company against Road District No. 3 of Liberty County and others, in which Road District No. 5 intervened. From a judgment giving intervener preference as to payment and for plaintiff without preference, plaintiff appeals. Reversed in part and affirmed in part.

W. M. Harris and Merritt & Leddy, all of Dallas, for appellant.

E. B. Pickett, Jr., and P. C. Matthews, both of Liberty, for appellee.

WALKER, J. This suit was instituted by appellant to recover the balance due on a warrant issued to it by the commissioners' court of Liberty county, in payment of a bridge built by it across the San Jacinto river. The contract was made by the commissioners' court on behalf of road district No. 3 of Liberty county. Appellant also prayed for mandamus, requiring the treasurer of Liberty county to pay the amount of its warrant from the funds of road district No. 3 in preference to any and all other claims against the district. The treasurer of Liberty county, the county judge, and the individual commissioners and the commissioners' court of Liberty county were all made defendants. They answered jointly by general demurrer, general denial, and special pleas to the effect that appellant's claim, if legal, was only one of a large number of claims against road district No. 3, and that all such claims "are upon an equal footing, and none of them has any preference or priority over any other debt or obligation of said district." Road district No. 5 of Liberty county intervened, alleging that it held a preference claim against the funds of district No. 3 to the extent of $11,007.91, with interest. On a trial to the court without a jury, judgment was entered in favor of road district No. 5, giving it preferred payment, and in favor of appellant for the unpaid balance of its warrant, but denying it any preference, and directing that all other claims against road district No. 3 be allowed and be paid pro rata. From this judgment, Austin Bros. Bridge Company has duly perfected its appeal.

It was agreed: That road districts Nos. 3 and 5 were duly incorporated as road districts of Liberty county prior to October 1, 1920; that both districts had issued bonds under the provisions of the statutes of this state, and on the 11th day of October, 1920, district No. 5 had on deposit with the treasurer of Liberty county $11,007.91. That district No. 3 had issued bonds in the sum of $150,000, and on the last-mentioned date had on deposit with the treasurer of Liberty county funds to the amount of $9,300. That on said date Moore & Sons and H. F. Bland held a claim against district No. 3 in the sum of $11,007.91 for work done on the roads of district No. 3 under a lawful contract with

---

⬅⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the commissioners' court for which warrant had been issued in said sum, and which was transferred to district No. 5 under the following order of the commissioners' court, dated 11th day of October, 1920:

"Whereas, the contractors, Moore & Sons and H. F. Bland, have finished their work in road district No. 3, and there is not sufficient funds in road district No. 3 to pay them, and they have received $11,007.91 in scrip drawing 8 per cent. interest, it is ordered that road district No. 5 pay off said warrant for $11,007.-91, and hold said interest-bearing scrip to be paid by road district No. 3 soon as money is available."

That appellant, Austin Bros. Bridge Company, on said date held a claim against road district No. 3 for its work in building the bridge across the San Jacinto river, arising out of a lawful contract, in the sum of $42,-923.04, covered by two warrants, one for $7,-237.68, and the other for $35,685.36. That appellant had transferred the first-named warrant to the First National Bank of Cleveland, and on said last-mentioned date, under orders of the commissioners' court, it surrendered the last-mentioned warrant, and received in lieu thereof two warrants, one for $26,385.36, and one for $9,300, both warrants being issued on the 11th day of October, 1920. That on the 12th day of October, the warrant for $9,300 was paid by the county treasurer from the funds of road district No. 3 then on hand, and on that date the commissioners' court entered an order, directing that the warrant for $26,385.36 "be registered prior to the registration of all other warrants ordered issued payable from the funds of road district No. 3 of said county." That said warrant was, in fact, registered prior to all other outstanding warrants. That on November 8, 1920, the commissioners' court made and entered the following order:

"It is ordered that the treasurer pay to Austin Bros. Bridge Company the sum of $2,000 with road district No. 3 funds, and that the further sum of $12,385.36 be paid out of the first moneys received from the state highway department to cover state aid on contracts in road district No. 3, Liberty county, or from other sources, and the treasurer is hereby directed to pay said last-named sum of money upon receipt thereof from said sources, or any other sources, when Austin Bros. Bridge Company surrenders warrant No. 1, now outstanding for face value of $26,385.36."

That on the warrant for $26,385.36 there was paid the sum of $1,200 on the 21st day of October, 1920, and $2,000 on the 9th day of November, 1920; appellant's suit being for the balance due on this warrant. "That there is due said road district No. 3, in addition to the $17,753.87 now on hand in cash, the sum of $6,741.06 from the state highway department, and the further sum of approximately $21,000, due on account of bonds of said road district No. 3." That the following claims, totaling $36,752.62, were outstanding against district No. 3 at the time of the trial of this case:

Registered Warrants.

| Warrants No. | Date. | Name of Holder. | Amount. | |
|---|---|---|---|---|
| 66 | Oct. 12, 1920 | Austin Bros. B. Co. | $26,385 | 36 |
| | Paid on % | Oct. 21, 1920.. $12,000 | | |
| | Paid on % | Nov. 8, 1920... 2,000 | 14,000 | 00 |
| | | | $12,385 | 36 |
| 69 | Oct. 12, 1920 | Austin Bros. .B. Co., | 7,237 | 68 |
| 67 | Oct. 12, 1920 | J. S. Moore & Sons & Bland | 11,007 | 91 |
| 71 | Oct. 13, 1920 | W. F. Finley | 2,699 | 59 |
| 72 | Oct. 13, 1920 | J. S. Moore & Sons & Bland | 1,989 | 53 |
| 73 | Oct. 13, 1920 | J. S. Moore & Sons & Bland | 1,000 | 00 |
| Total registered warrants............... $36,320 12 | | | | |

Not Registered.

| Warrants No. | Date. | Name of Holder. | Amount. | |
|---|---|---|---|---|
| 75 | Nov. 20, 1920 | C. N. Smith | 7 | 40 |
| 79 | Dec. 3, 1920 | A. D. Davidson | 85 | 00 |
| 82 | Dec. 3, 1920 | A. D. Davidson | 15 | 00 |
| 83 | Dec. 22, 1920 | Gilchrist Heirs | 75 | 00 |
| 85 | Dec. 22, 1920 | W. A. Cannon | 15 | 00 |
| 86 | Dec. 22, 1920 | H. L. McFiller | 100 | 00 |
| 87 | Dec. 22, 1920 | Mattie Daniel | 75 | 00 |
| 101 | Mar. 21, 1921 | H. C. Beshell | 37 | 50 |
| 102 | July 7, 1921 | Wm. Burkett | 20 | 00 |
| Total warrants not registered............. $422 50 | | | | |

### Opinion.

[1] 1. The law fixes and determines the order in which creditors of a road district shall be paid from its funds; that is, they shall be paid in the order of the execution of the contracts under which they arise. When one makes a contract with a commissioners' court for the performance of work on the roads of a road district, he at once acquires a vested interest in the funds of such district to the full extent of his contract, and the commissioners' court has no power to impair such vested right by paying out the funds to subsequent contractors or creditors. The rights of all subsequent contractors are inferior to the first contractor. Their claims against the funds of the district must be determined in the order of their contracts. First National Bank v. Terry, Briggs & Co., 203 Ala. 401, 83 South. 170.

2. Appellant did not raise the issue of preference just discussed, neither by its plea nor by its proof. The record is absolutely silent as to the respective dates of the contracts under which accrued all the claims now outstanding against road district No. 3.

[2] 3. Appellant by its plea grounded its claim to a preferred payment on the two orders of the commissioners' court, the one, dat-

ed the 12th of October, 1920, ordering that its claim be registered first, and the other, dated the 8th day of November, 1920, directing that its claim be paid out of the first money received by the district. These orders gave appellant no cause of action for preference, and are insufficient to change the relative rank of its claim as a charge against the funds of road district No. 3. From the nature of its organization, there is no necessity for registering the warrants of a road district. There is no statutory requirement that they be registered. Then no inference of priority arises in appellant's favor from the order directing that its warrant be first registered. The rights of the creditors of road district No. 3 were vested when both orders were made by the commissioners' court, and to sustain either order would be to vest in the commissioners' court the power to impair contracts and to defeat vested rights.

[3, 4] 4. We recognize that the commissioners' court is a court of record (Gano v. Palo Pinto County, 71 Tex. 99, 8 S. W. 634), and "when it acts within its statutory and constitutional limitations its proceedings cannot be attacked collaterally" (Temple Lumber Co. v. Commissioners' Court of Sabine County [Tex. Civ. App.] 239 S. W. 668). But when it affirmatively appears on the face of the record that it had no jurisdiction over the subject-matter of its orders, its proceedings are void and of no effect, and can be impeached collaterally. In dealing with the contractors doing work on the roads of district No. 3, the commissioners' court had jurisdiction to make the contracts, to audit the accounts, and to approve or reject claims. It had no authority to decree a preference. All such orders were absolutely void. What it could not do directly it could not do indirectly by ordering that certain warrants be registered prior to all other warrants. It is our conclusion that all orders made by the commissioners' court under which appellant claimed a preference against the funds of road district No. 3 were void and do not sustain its prayer for mandamus.

5. We are not holding that the creditors as among themselves may not waive their preferences, nor that by their conduct and agreements among themselves a prior creditor may not be estopped to assert a preference, but, as no such issues were pleaded in this case, it is not necessary for us to review the facts in order to determine whether they were raised by the evidence.

[5, 6] 6. The order of the commissioners' court, directing that the funds of road district No. 5 be invested in the warrant of Moore & Sons and H. F. Bland, was illegal in the sense that the court had no authority to invest those funds in commercial paper, but that order in no way affected the other creditors of the district, and they had no in-

terest in it. Hence they are not in position to raise any issue affecting the validity of that order. Under the order, road district No. 5 became the owner and holder of the warrant issued to Moore & Sons and H. F. Bland, and was subrogated to all their rights, but it acquired no claim against road district No. 3 nor its funds, beyond the interest of Moore & Sons and H. F. Bland. Its funds did not increase the assets of road district No. 3, nor decrease its liabilities. Road district No. 3 was not a party to that order. It was made by the commissioners' court representing road district No. 5. Therefore road district No. 5 had no equitable right to a preference above the other creditors of district No. 3. To give it a preference on this illegal order of transfer would be to deplete the funds of district No. 3, and thereby impair the rights of its other creditors. But by subrogating it to the rights of Moore & Sons and H. F. Bland, the funds of district No. 3 are not affected, nor are the rights of the other creditors impaired. We believe the trial court erred in giving district No. 5 preference based on the order of transfer. As it did not raise the issue of priority of the contract of Moore & Sons and H. F. Bland, but grounded its claim for preference on the illegal order of the commissioners' court, there is no basis in the record for the judgment in its favor.

[7] 7. The legal title to the funds of road district No. 3 was in the commissioners' court of Liberty county. It occupied a trust relation to all creditors of the district. Its powers and duties as such trustee are thus defined by the Supreme Court in Austin v. Cahill, 88 S. W. 550:

"It is, in brief, the lawful conservator of a specific property for a particular trust purpose, and its duties in that respect are commensurate with its powers. It became entitled to make, and it is its duty to make, every defense for the beneficiaries against an opposing claim that they could make if before the court in their own proper persons. Being invested with such powers and subject to such obligations, those for whom it holds will necessarily be bound by what is done against as well as by it."

[8] Under the authority thus given to the commissioners' court, it answered in this case to the effect that all the creditors of road district No. 3 were "upon an equal footing, and none of them has any preference or priority over any other debt or obligation of said district." From the presentation made of this case before us, it affirmatively appears that no proof whatever was offered to sustain this plea. Then the judgment of the trial court ordering a pro rata payment to the creditors of road district No. 3 has no support in the evidence.

[9] 8. As appellant had a cause of action

on its debt, the trial court erred in not giving it judgment for its costs.

It is our order that the judgment of the trial court be in all things reversed, and this cause remanded for a new trial.

On Rehearing.

[10] It being made to appear that no exception was filed against the judgment in favor of appellant against appellee road district No. 3 of Liberty county, it is ordered that that judgment be affirmed, and to that extent appellant's motion for rehearing is granted. In all other respects it is overruled.