**NOGUESS et al. v. BURTON et al.**
(No. 1756.)

Court of Civil Appeals of Texas. Beaumont.
Oct. 4, 1928.

Dies, Stephenson & Dies, of Orange, for appellants.

W. E. Lea, of Orange, for appellees.

O'QUINN, J. This is an appeal from an order granting an injunction to restrain the holding of certain elections for school purposes. The suit for injunction was brought by appellees, Asa Noguess, Henry Hare, and Harry Bishop, as trustees of the McLewis common school district No. 15, of Orange county, Tex., in which they were joined by W. W. Womack and several other legally qualified taxpaying voters and patrons of said school district.

The facts are that on December 18, 1922, the. county board of school trustees duly established and defined what was known as the McLewis common school district No. 15, containing 37.97 square miles of territory. Since that date the qualified voters of said district regularly elected trustees for said district, who have conducted the affairs of said district, including a school attended by an average of more than 20 scholastic children; the average for the 1927–1928 session being 60. Asa Noguess, Henry Hare, and Harry Bishop were, at the time of filing of this suit and now are, the duly elected and qualified trustees of said school district. On or about

June 27, 1925, said district voted bonds in the sum of $10,000 for the purpose of building a schoolhouse, which bonds were duly issued and are now outstanding obligations of said district. Dissatisfaction arose in the district as to the location of the building to be erected, and in April, 1927, Hon. V. H. Stark, district judge, issued a writ of mandamus to compel the building of said house on a certain designated site (this after all appeals to and final orders of the state board of education had been had, see Noguess v. Peveto [Tex. Civ. App.] 297 S. W. 1100), which, upon appeal, was affirmed by this court July 2, 1927, and which writ is still in force. On May 18, 1928, the county board of school trustees, composed of Miss Allie Bland, county superintendent of schools of said county, and J. D. Yates, Byron Smith, J. D. Peveto, Mrs. D. C. Bland, and C. L. Armstrong, county school trustees of said county, entered an order redefining and changing the bounds of said McLewis common school district No. 15, by which a portion of said district was taken from said district and attached to the Little Cypress consolidated school district on one side, and a portion was taken from said district and attached to the West Orange independent school district on the other side, reducing the area of said original McLewis district from 37.97 square miles to 28.42 square miles. On June 1, 1928, orders were issued by the county judge of Orange county for two elections to be held in the new or reduced McLewis common school district No. 15; on June 23, 1928, one to determine whether the qualified voters of said McLewis district would vote $10,000 in bonds for the purpose of erecting and equipping a schoolhouse for said district, and the other to determine whether the qualified voters of said district would vote a tax to supplement the state school fund apportionment. John Burton was appointed as presiding judge of both elections, said elections to be held at the same time and place.

The prayer of appellees asked an injunction perpetually restraining appellants from—

(a) Holding the two elections in the new McLewis common school district No. 15;

(b) From dividing or reducing the original McLewis common school district No. 15 in any manner not prescribed by law;

(c) From putting into effect or carrying out the order of the county board of school trustees of May 18, 1928, reducing the area of said school district.

A temporary injunction granting all the relief asked was granted, and this appeal is from that order.

 We think the injunction was improperly granted. The holding of the elections would not themselves create any liability upon appellees, nor operate as any incumbrance upon their property, or in any way interfere with their property rights, and therefore they could not have been harmed by permitting the elections to be held. League v. Brazoria County Road District No. 13 (Tex. Civ. App.) 187 S. W. 1012 (writ refused); Temple Lumber Co. v. Commissioners' Court Sabine County (Tex. Civ. App.) 239 S. W. 668; Richardson v. Mayes (Tex. Civ. App.) 223 S. W. 549. If the changes made by the county board of school trustees in the school districts set out by appellees in their petition were without authority of law, then they were of no force and in a proper action could be attacked by appellees at any time when their rights were actually invaded. Parks v. West, 102 Tex. 11, 111 S. W. 726; Cohen v. Houston (Tex. Civ. App.) 176 S. W. 814; Richardson v. Mayes (Tex. Civ. App.) 223 S. W. 546, 549; Robinson & Watson v. Wingate, 36 Tex. Civ. App. 65, 80 S. W. 1067, 1072 (writ refused, 98 Tex. 268, 83 S. W. 182). Besides, the elections which appellees sought to restrain were in their nature political matters and beyond the control of the courts. City of Dallas v. Street Railway Co., 105 Tex. 337, 148 S. W. 292; League v. Brazoria County Road District (Tex. Civ. App.) 187 S. W. 1012 (writ refused); Temple Lumber Co. v. Commissioners' Court (Tex. Civ. App.) 239 S. W. 668; Robinson & Watson v. Wingate, 36 Tex. Civ. App. 65, 80 S. W. 1067, 1072 (writ refused 98 Tex. 268, 83 S. W. 182).

It follows that the judgment should be reversed and the injunction dissolved, and it is accordingly so ordered.