

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

*Lee art 3 Lu 52 e
2+ Court.*

Hon. Walker Carson
County Attorney
Hudspeth County
Sierra Blanca, Texas

Dear Sir:

Opinion No. O-1967
Re: May the Commissioners' Court legally
expend county funds for the hos-
pitalization of Deputy Sheriff shot
while in line of duty?

Your request for opinion upon the above stated
question has been received and carefully considered by this
department.

"Counties, being component parts of the
State, have no powers or duties except those
which are clearly set forth and defined in the
Constitution and statutes, The statutes have
clearly defined the powers, prescribed the
duties, and imposed the liabilities of the com-
missioners' courts, the medium through which
the different counties act, and from these
statutes must come all the authority vested in
the counties.

"The grants of power to such governmental
agencies as counties, townships and school dis-
tricts are generally more strictly construed
than those to incorporated municipalities. The
Commissioners' Court is not vested with any
general police power......" (Texas Jurispru-
dence, Vol. 11, Sec. 36, p. 563)

"Commissioners' courts are courts of limit-
ed jurisdiction, in that their authority extends
only to matters pertaining to the general wel-
fare of their respective counties, and that their
powers are only those expressly or impliedly con-
ferred upon them by law, - that is, by the Con-
stitution and statutes of the State." (Texas
Jurisprudence, Vol. 11, Sec. 37, pp. 564-565)

Also see the following cases:

Edwards County vs. Jennings, 33 SW 585; Seward
vs. Falls County, 246 SW 728; Dun Vapor Elec-
tric Company vs. Keenan, 30 SW 868; City of
Breckenridge vs. Stephens County, 26 SW (2nd) 405;
Scaling vs. Williams, 284 SW 310;
Moore vs. McLennan County, 255 SW 478;
Hill County vs. Hamilton, 273 SW 292;
Temple Lumber Co. vs. Commissioners' Court of
Sabine County, 239 SW 668;
Commissioners' Court vs. Wallace, 15 SW (2nd) 535.

After a most careful and exhaustive study of this
question we have been unable to find any authority, express
or implied, which would authorize the commissioners' court
of your county to expend county funds for the hospitalization
of a deputy sheriff shot while in line of duty.

You are, therefore, respectfully advised that it
is the opinion of this department that your question should
be answered in the negative and it is so answered.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AW:wc

APPROVED FEB 20, 1940
s/ W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman