

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

May 17, 1948

Hon. Joseph C. Ternus
County Attorney
San Patricio County
Sinton, Texas

Opinion No. V-582

Re: Authority and pro-
cedure for the ex-
ecution of an oil
and gas lease of
land owned by a
county.

Dear Sir:

We refer to your letter of March 16, 1948 requesting our opinion concerning the authority of the Commissioners' Court and the procedure for the execution of oil and gas leases on land owned by San Patricio County, and to your supplementary letter of April 15, 1948.

One of the tracts of land was conveyed to the County Judge, June 12, 1916, as a site for a building ". . . for the benefit of the colored youths of the community; . . ."; all of the other tracts were conveyed to San Patricio County by general warranty deed, without any kind of restriction.

We note that the land in question is adjacent to a highway. We consider this fact unimportant because no question of obstruction of traffic on the highway is involved.

Article 5400a, Vernon's Civil Statutes, authorizes and controls the procedure for and the execution of mineral development leases on county owned land. Our Opinion No. V-379 considered this article and we enclose a copy of that opinion for your information. That article makes plain the authority and procedure which pertains to the leasing of county owned land for the development and production of minerals, but no authority is given to enter into pooling agreements by which county owned land may be pooled with other land.

The land involved in your inquiry will be identified by the names of the grantors and grantees and the dates of the respective deeds:

1. The deed from Sinton Town Company to M. A. Childers, County Judge, dated June 12, 1916, is a grant for school purposes only. This is the tract referred to in the second paragraph of this letter. Article 2683, V. C. S., provides that "the title to school property belonging to the county, the title to which has heretofore been vested in the county judge and his successors in office or any school property that may be acquired, shall vest in the county school trustees." The Commissioners' Court is not authorized to execute oil leases on the land conveyed by that deed.

2. The deeds from P. L. Johnson, dated March 5, 1931; L. F. Garrett, dated March 13, 1931; and J. E. Davis, dated May 25, 1931, to San Patricio County, are general warranty deeds which vest the title to the land described in them in San Patricio County in fee simple.

3. The deed from J. J. Welder, et al, dated April 18, 1922, is a general warranty deed, which vests the title to the land described in it in fee simple in Road District No. 5 of San Patricio County, except Lot 5 in Block 20 in the town of Sinton, which is not conveyed by the deed. We assume that the land was acquired for county road district purposes.

The lands referred to in paragraphs 2 and 3, above, are subject to lease for oil development by the Commissioners' Court of San Patricio County in accordance with Article 5400a, V. C. S. Also, in connection with No. 3, we specifically call your attention to the fact that the Commissioners' Court has authority to execute contracts for and on behalf of a road district within the county. Art. 752U, V. C. S.; Austin Bros. Bridge Co. v. Road Dist. No. 3, 247 S. W. 674 (error refused).

## SUMMARY

Commissioners' Courts are authorized to execute mineral leases on county owned land and land owned by a road district in accordance with the provisions of Article 5400a, V. C. S.

Such Courts are not authorized to enter into agreements to pool such land with other land and are not authorized to execute mineral leases on land conveyed to the County Judge for school purposes.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  W. T. Williams
    Assistant

WTW:wb
Encl.

.APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL